Citation Nr: 1522702 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 11-32 136 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for asthma and chronic obstructive pulmonary disease (COPD).

2. Entitlement to service connection for a respiratory disability, to include asthma and COPD.


REPRESENTATION

Appellant represented by: AMVETS


WITNESSES AT HEARING ON APPEAL

Appellant and his spouse



ATTORNEY FOR THE BOARD

J. Taylor, Associate Counsel


INTRODUCTION

The Veteran served on active duty from December 1967 to December 1970.

This case is before the Board of Veterans' Appeals (Board) on appeal from rating decisions dated in November 2008 and November 2009 by a Regional Office (RO) of the Department of Veterans Affairs (VA). The Board notes that a claim for a disability includes any disability that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and the other information of record. See Clemons v. Shinseki, 23 Vet. App. 1, 5-6 (2009). In light of reopening the claim for entitlement to service connection for asthma and COPD, the Board will broaden the Veteran's claim under Clemens, and consider whether the Veteran is entitled to service connection for a broader claim for a respiratory disability.

The Veteran testified at a Travel Board hearing in May 2012 before the undersigned Veterans Law Judge. A transcript of the proceeding has been associated with the claims file. 

The Board notes that the Veteran requested a change in representation in August 2013, more than 90 days after certification of the appeal to the Board. The Board has found good cause to accept the change in representation. Accordingly, the Board honors the change in representation. See 38 C.F.R. § 20.1304 (2014). 

Documents on the Virtual VA paperless claims processing system are either duplicative of the evidence of record or not pertinent to the present appeal. The Veterans Benefits Management System (VBMS) contains a VA Form 21-22 dated in August 2013, appointing AMVETS as the Veteran's representative. Other documents on VBMS are either duplicative of the evidence of record or not pertinent to the present appeal. 

The issue of entitlement to service connection for a respiratory disability is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. An unappealed April 1999 rating decision denied entitlement to service connection for asthma/COPD based on the determination that there was no evidence asthma was aggravated by service or that COPD was shown in service.

2. New evidence received since the April 1999 decision relates to an unestablished fact necessary to substantiate the claim for entitlement to service connection for asthma/COPD.


CONCLUSIONS OF LAW

1. The April 1999 rating decision, which denied the claim of service connection for asthma/COPD, became final. 38 U.S.C.A. § 7105(c) (West 2014); 38 C.F.R. §§ 3.104, 3.156, 20.201, 20.302, 20.1103 (2014).

2. The additional evidence received since the April 1999 rating decision is new and material, and the claim for entitlement to service connection for asthma/COPD is reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veterans Claims Assistance Act (VCAA), codified in part at 38 U.S.C.A. §§ 5103, 5103A, and implemented in part at 38 C.F.R. § 3.159, amended VA's duties to notify and assist a claimant in developing the information and evidence necessary to substantiate a claim. Given the favorable disposition below as to reopening the claim for entitlement to service connection for asthma, the Board need not assess VA's compliance with the VCAA. See, e.g., Bernard v. Brown, 4 Vet. App. 384 (1993); VAOPGCPREC 16-92, 57 Fed. Reg. 49, 747 (1992).

Claim to Reopen

In order to reopen a claim which has been denied by a final decision, the claimant must present new and material evidence. 38 U.S.C.A. § 5108. New evidence means existing evidence not previously submitted to VA. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). For purposes of reopening a claim, the credibility of newly submitted evidence is generally presumed. See Justus v. Principi, 3 Vet. App. 510, 513 (1992) (in determining whether evidence is new and material, the "credibility" of newly presented evidence is to be presumed unless the evidence is inherently incredible or beyond the competence of the witness).

The language of 38 C.F.R. § 3.156(a) creates a low threshold for finding new and material evidence, and views the phrase "raises a reasonable possibility of substantiating the claim" as "enabling rather than precluding reopening." Evidence "raises a reasonable possibility of substantiating the claim," if it would trigger VA's duty to provide an examination in adjudicating a non-final claim. Shade v. Shinseki, 24 Vet. App. 110 (2010).

Historically, the RO previously denied entitlement to service connection for asthma/COPD in final rating decisions dated in August 1994, October 1996, and April 1999. See 38 U.S.C.A. § 7105; 38 C.F.R. §§ 3.104, 3.156, 20.1103; see also Bond v. Shinseki, 659 F.3d 1362, 1367-68 (Fed. Cir. 2011). In August 2008, the Veteran filed a claim to reopen entitlement to service connection for asthma. In a November 2008 rating decision, the RO denied to reopen entitlement to service connection for asthma, finding that the evidence submitted was not new and material. In May 2009, the Veteran submitted additional evidence prior to the expiration of the appeal period along with a claim for entitlement to service connection for COPD, and in November 2009, the RO issued a subsequent rating decision confirming and continuing the previous denial of service connection for COPD. See 38 C.F.R. § 3.156(b). The Veteran has appealed this rating decision.

At the time of the last final rating decision in April 1999, whereby the RO denied service connection for asthma/COPD, the evidence consisted of the Veteran's service treatment records, VA treatment records, a VA examination, and lay statements in support of the claim. The Veteran's service treatment records showed that the Veteran's asthma existed prior to service. The Veteran's post-service VA examination revealed diagnoses of chest tightness, etiology undetermined, and mild COPD. VA treatment records revealed a history of and treatment for asthma. In April 1999, the RO denied the claim for entitlement to service connection for asthma/COPD based on the determination that there was no evidence asthma was aggravated by service or that COPD was shown in service. The Veteran did not appeal the denial, and it became final. 

The additional evidence presented since the last final denial in April 1999 includes additional VA treatment records, two etiology opinions from the Veteran's treating physician, a VA examination with etiology opinion, and lay statements from the Veteran. The Board concludes that this evidence is new and material because it was not of record at the time of the last final rating decision in April 1999, and it raises a reasonable possibility of substantiating the claim insofar as these new submissions provide opinions regarding the etiology of the Veteran's asthma and COPD. 

Accordingly, the Board finds that new and material evidence has been received to reopen the Veteran's previously denied claim of service connection for asthma/COPD. However, as will be explained below, the Board is of the opinion that further development is necessary before the merits of the Veteran's claim can be addressed.


ORDER

New and material evidence having been received, the claim of entitlement to service connection for asthma/COPD, is reopened, and to this extent only, the appeal is granted.


REMAND

The Veteran contends that he has a respiratory disability due to his active duty service. Specifically, the Veteran contends that while in Vietnam, he developed "walking pneumonia." He contends that later on, while stationed at Fort Riley, Kansas, he developed allergies, which continued to progressively worsen. He asserts that he has had pneumonia several times, and has been diagnosed with asthma as a result of his allergies. He claims that he was informed at that time that he may have been exposed to something that triggered his body to react, such as chemicals, solvents, or various types of fuels, all of which he was exposed to in service through his duties as an aircraft mechanic. The Veteran contends that he eventually developed COPD.

In the Veteran's March 1968 service examination report of medical history, he reported asthma and shortness of breath. The Veteran reported that he was hospitalized with pneumonia with asthma approximately two years prior. In a February 1968 service treatment record, the Veteran complained of a cough, earache, and headache. In a February 1969 treatment record, the Veteran complained of a productive cough for the past two days. The assessment was a chest cold. In a March 1969 record, the Veteran complained of shortness of breath, pain, and possible symptoms of asthma for the past three days. The Veteran reported a history of asthma for five years. In an October 1969 record, the Veteran reported a history of asthma for the past two years since an episode of "bronchial pneumonia" prior to enlistment. He reported two episodes of wheezing since enlistment. The impression was asthma by history, etiology unknown (possible allergic asthma). In the Veteran's November 1970 separation examination report of medical history, he complained of asthma and pain/pressure in the chest. 

In an August 2008 opinion, Dr. M.G. indicated that he treated the Veteran for bronchial asthma and allergies. He noted that the Veteran had been suffering from these conditions since 1969. Dr. M.G. opined that these conditions "are likely or possibly related to his military service"; he noted that the Veteran did not have these conditions before his service. In a subsequent April 2009 opinion, Dr. M.G. indicated that the Veteran had been treated for allergenic asthma since 1968. He noted that the Veteran was first diagnosed with allergenic asthma at the military hospital at Fort Riley. Dr. M.G. indicated that the Veteran's condition worsened over time, and he has now been diagnosed with COPD. He opined that the Veteran's COPD was at least as likely as not a result of his active duty.

In a VA examination dated in July 2011, the examiner diagnosed the Veteran with asthma and mild COPD. She found that the Veteran's COPD was less likely as not caused by service. The examiner noted that the Veteran served as an aircraft mechanic and claimed asbestos exposure. She explained, however, that asbestos exposure would cause interstitial lung disease, and not COPD. The examiner indicated that asthma was noted on a March 1968 examination, and the Veteran was seen for allergic asthma in March 1969. She indicated that the Veteran's November 1970 separation examination noted asthma. The examiner found that the Veteran was not seen in service for bronchitis. She explained that the Veteran's recent chest scan was suggestive of chronic bronchitis, which may lead to the development of COPD over time. The examiner also noted that the Veteran had smoked pipes and cigars for approximately 20 years before quitting seven to eight years ago, which most likely contributed to the recent findings of mild COPD, rather than asthma contributing to COPD.

The Board finds the July 2011 VA opinion inadequate. Specifically, the Veteran has disputed the July 2011 VA examiner's findings that he smoked pipes and cigars for 20 years. He contends that although he smoked a pipe and a few cigarettes while in Vietnam, he told the July 2011 examiner that "you could count the times on 1 hand that he smoked." The Veteran disputes that he smoked enough to cause asthma or COPD. The Veteran has consistently denied smoking in his VA treatment records. Moreover, the Board finds that although the July 2011 examiner provided an opinion regarding the etiology of the Veteran's COPD on a direct basis, there are no etiology opinions of record regarding whether the Veteran's pre-existing asthma disability was aggravated during his active duty service. 

Significantly, regulations provide that every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service. 38 U.S.C.A. § 1111. Clear and unmistakable evidence is required to rebut the presumption of aggravation where the pre-service disability underwent an increase in severity during service. Clear and unmistakable evidence includes medical facts and principles which may be considered to determine whether the increase is due to the natural progress of the condition. 38 C.F.R. § 3.306(b). 

In light of the foregoing, the AOJ should schedule the Veteran for an appropriate VA examination, with an etiology opinion, to include whether the Veteran's pre-existing respiratory disability, diagnosed as asthma, was aggravated during his active duty service. 

The Board also observes that the most recent VA treatment records in the file are from 2010. However, during his May 2012 Travel Board hearing, the Veteran testified that he had been currently receiving treatment for his respiratory disability from the San Francisco VA Medical Center (VAMC). He also noted that he received treatment at the clinic in Santa Rosa and the Long Beach VAMC. Accordingly, the RO should obtain any outstanding VA treatment records pertaining to the Veteran's claim. See Bell v. Derwinski, 2 Vet. App. 611 (1992) (holding that documents which were not actually before the adjudicators but had been generated by VA employees or submitted to VA by the claimant were, "in contemplation of law, before the Secretary and the Board and should be included in the record").

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran, and, with his assistance, identify any outstanding records of pertinent medical treatment from VA or private health care providers that have treated her for his respiratory disability, to include any treatment records identified by the Veteran from the San Francisco VAMC, the Santa Rosa Clinic, and the Long Beach VAMC. Follow the procedures for obtaining the records set forth by 38 C.F.R. § 3.159(c). If VA attempts to obtain any outstanding records which are unavailable, the Veteran should be notified in accordance with 38 C.F.R. § 3.159(e).

2. After completion of the above development, the Veteran should be afforded a VA examination, with an appropriate examiner, in order to obtain a medical opinion as to the nature and etiology of his claimed respiratory disability, diagnosed as asthma and mild COPD. The claims folder, including a copy of this remand, must be provided to and be reviewed by the examiner in conjunction with the examination. All indicated tests and studies should be performed, and all findings should be set forth in detail.

Based on a review of the Veteran's claims file, and after a thorough examination, the examiner is asked to:

(a) Identify any currently diagnosed respiratory disabilities, to include asthma and COPD.

(b) For any currently diagnosed respiratory 
 disability, to include COPD, provide an opinion 
 as to whether it is at least as likely as not (50 
 percent or greater probability) that the disability 
 had its onset in service or is otherwise related 
 to service.

(c) Provide an opinion as to whether the Veteran's asthma, which was noted on entrance into service, clearly and unmistakably DID NOT increase in severity beyond the natural progression of the disability during active duty.

In rendering an opinion, the examiner should note and discuss the complaints of and treatment for asthma, episodes of wheezing, shortness of breath, and chest pain in service.

The examiner should consider and discuss the Veteran's subjective history as well as the pertinent medical evidence of record. The examiner must provide a rationale for any opinions expressed and reconcile any contradictory evidence of record. If the examiner is unable to render an opinion, he/she should so state with supporting rationale.

3. After the development has been completed, adjudicate the claim of entitlement to service connection for a respiratory disability, diagnosed as asthma and COPD. If the benefit sought remains denied, furnish the Veteran and his representative a supplemental statement of the case and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
C. TRUEBA
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs