Citation Nr: 1641936 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 07-02 839 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Whether new and material evidence has been received to reopen the claim of entitlement to service connection for a back disorder.

2. Entitlement to service connection for a back disability, to include as secondary to service-connected bilateral knee disabilities and bilateral foot disabilities.

3. Entitlement to a disability rating in excess of 10 percent for a left knee disability.

4. Entitlement to a disability rating in excess of 10 percent for a right knee disability.

5. Entitlement to an initial disability rating in excess of 50 percent for panic disorder with agoraphobia.


REPRESENTATION

Veteran represented by: The American Legion
WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. Delhauer, Associate Counsel


INTRODUCTION

The Veteran served on active duty from May 1975 to May 1979, and from November 1980 to March 1986. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from September 2005 and March 2010 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia. 

The Veteran testified during a hearing before a Decision Review Officer (DRO) in February 2010, and at a videoconference hearing before the Board in March 2011 regarding the issues of entitlement to service connection for a back disability, and entitlement to increased disability ratings for right and left knee disabilities. Transcripts of both hearings are associated with the evidentiary record.

In September 2011, the Board remanded the above matters for further development.

In August 2016, the Veteran was notified that the Veterans Law Judge (VLJ) who presided over his March 2011 hearing is no longer employed by the Board, and he was given an opportunity to request a new hearing before a sitting VLJ pursuant to 38 C.F.R. § 20.707 (2015). In August 2016, the Veteran declined a new hearing, and requested his case be considered on the evidence of record.


Additional Issue on Appeal

Per the Board's September 2011 remand instructions, in December 2013, the Agency of Original Jurisdiction (AOJ) issue a statement of the case regarding the issue of entitlement to an initial disability rating in excess of 50 percent for panic disorder with agoraphobia. In December 2013, the Veteran submitted a statement requesting a hearing before RO personnel regarding the December 2013 statement of the case, and submitting additional evidence regarding the severity of his panic disorder with agoraphobia. See also January 2014 VA Form 21-526b (seeking an increased evaluation for "anxiety disorder/agoraphobia"). As the Veteran expressed his continued disagreement with the initial rating assigned for his panic disorder with agoraphobia, the Board finds the Veteran's December 2013 statement constitutes a timely substantive appeal, and thus, an appeal as to this issue has been perfected. Accordingly, the Board will accept jurisdiction over this issue.

Issues not properly before the Board

In March 2014, the Veteran perfected an appeal as to the issue of entitlement to an initial disability rating in excess of 10 percent for an anal fissure. However, the Veteran has requested a videoconference hearing before the Board regarding this issue. See August 2014 VA Form 8; March 2014 substantive appeal. As such, the Board will not accept jurisdiction over the issue of entitlement to an initial disability rating in excess of 10 percent for an anal fissure at this time, pending the completion of the Veteran's requested hearing before the Board.

In December 2014, VA received the Veteran's notice of disagreement with an October 2014 rating decision. This notice of disagreement placed the following issues in appellate status: entitlement to a disability rating in excess of 30 percent for bilateral pes cavus with metatarsalgia, rearfoot arthralgia and degenerative changes; entitlement to service connection for rectal bleeding; whether new and material evidence has been received to reopen the claim of entitlement to service connection for right hip impairment; whether new and material evidence has been received to reopen the claim of entitlement to service connection for left hip impairment; whether new and material evidence has been received to reopen the claim of entitlement to service connection for erectile dysfunction; and whether new and material evidence has been received to reopen the claim of entitlement to service connection for hemorrhoids. However, the Board's review of the evidentiary record reveals that the AOJ is still taking action on these issues. See June 2016 Decision Review Process explanation letter. As such, the Board will not accept jurisdiction over them at this time.

The issues of entitlement to service connection for hyperkeratosis, and whether new and material evidence has been received to reopen the claim of entitlement to service connection for an ankle disorder have been raised by the record in an October 2008 informal claim, but have not been adjudicated by the AOJ. See also September 2011 Board decision. Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

The issues of entitlement to service connection for a back disability, and entitlement to increased disability ratings for a left knee disability, for a right knee disability, and for panic disorder with agoraphobia are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ.


FINDINGS OF FACT

1. An August 1980 rating decision denied entitlement to service connection for a back disorder based on the determination that the Veteran's service treatment records were negative for any findings of a chronic back disorder.

2. The Veteran did not submit a notice of disagreement with the August 1980 rating decision. No new and material evidence was received by VA within one year of the issuance of the August 1980 rating decision.

3. The additional evidence presented since the RO decision in August 1980 relates to an unestablished fact necessary to substantiate the claim.

CONCLUSIONS OF LAW

1. The August 1980 rating decision, which denied the Veteran's claim of entitlement to service connection for a back disorder, is final. 38 U.S.C.A. § 7105(c) (West 2014); 38 C.F.R. §§ 3.104, 3.156, 20.201, 20.302, 20.1103 (2015).

2. The additional evidence received since the August 1980 rating decision is new and material, and the claim is reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

In order to reopen a claim which has been denied by a final decision, the claimant must present new and material evidence. 38 U.S.C.A. § 5108. New evidence means existing evidence not previously submitted to VA. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). For purposes of reopening a claim, the credibility of newly submitted evidence is generally presumed. See Justus v. Principi, 3 Vet. App. 510, 513 (1992).

An August 1980 rating decision denied entitlement to service connection for a back disorder based on the determination that the Veteran's service treatment records were negative for any findings of a chronic back disorder. The Veteran did not submit a notice of disagreement with the August 1980 rating decision, and no new and material evidence was received by VA within one year of the issuance of the August 1980 rating decision. As such, the August 1980 rating decision became final. See 38 U.S.C.A. § 7105; 38 C.F.R. §§ 3.104, 3.156, 20.1103; see also Bond v. Shinseki, 659 F.3d 1362, 1367-68 (Fed. Cir. 2011).

Since the final August 1980 RO decision, the Veteran's VA treatment records include diagnoses of degenerative disc disease and degenerative arthritis of the lumbar spine. See December 2009 VA examination report; November 2005 lumbar spine CT report; May 2005 lumbar spine x-ray report. In a July 2016 statement, Dr. S.B. opined that the Veteran's chronic back problem is chronic in nature and is "as likely as cause from military service as not." This evidence is new and material evidence because it was not of record at the time of the final RO decision in August 1980, and indicates the Veteran has a current back disability that may be related to his military service. Therefore, this new evidence relates to unestablished facts necessary to substantiate the claim. Accordingly, the Board finds that new and material evidence has been presented to reopen the Veteran's previously denied claim of entitlement to service connection for a back disorder, as it raises a reasonable possibility that the Veteran has a current back disability which is related to his active duty service.


ORDER

New and material evidence having been submitted, the claim of entitlement to service connection for a back disorder is reopened, and to this extent only, the appeal is granted.


REMAND

Back Disability

Per the Board's September 2011 remand instructions, an addendum opinion was obtained from the December 2009 VA examiner. In the April 2012 addendum opinion, the VA examiner noted the April 2011 statement from the Veteran's treating physician, Dr. A.D., that the Veteran's back pain is as likely as not/could be exacerbated secondary to his service-connected knee problem, and that the Veteran has some gait problem secondary to this condition. The VA examiner opined that it is not likely that the Veteran's service-connected knee condition either caused, aggravated, or permanently increased the severity of the Veteran's spine condition. The VA examiner explained, "The findings at my exam of December 2009 were of a mild degenerative arthritis of the knee with no deformity, no malalignment, and no instability, no limitation of motion, and no gait abnormality. The x-ray findings were of mild degenerative arthritis of the knees. As described in the examination, there were no significant findings on physical examination or the x-ray findings to implicate the knees as the cause of the spine condition. The spine condition was also of mild degree."

However, the VA examiner did not address the Veteran's contentions that his service-connected knee disabilities have altered his gait, which has caused and/or aggravated his back disability. See, e.g., March 2011 videoconference hearing testimony; February 2010 DRO hearing testimony; December 2009 Veteran statement (regarding the December 2009 VA examination); January 2007 substantive appeal; November 2005 VA ambulatory/outpatient care note. Although Dr. A.D. did not provide a rationale for his positive opinion in the April 2011 statement, he did indicate the Veteran has some gait problems secondary to his knee disabilities. The Veteran's VA treatment records also include notations of an altered gait. See, e.g., March 2013 VA primary care physician note; October 2010 Dr. C.J.S. letter; August 2007 VA podiatry note.

Further, in the September 2011 decision, the Board granted entitlement to service connection for bilateral foot disabilities as secondary to the Veteran's service-connected knee disabilities. See also November 2011 rating decision. The Veteran has indicated that both his service-connected knee and feet disabilities have affected his gait, which has caused and/or aggravated his current back disability. See, e.g., December 2011 Veteran statement.

Finally, in a July 2016 statement, the Veteran's treating VA physician, Dr. S.B., opined that the Veteran's back problem is chronic in nature, and is "as likely as cause from military service as not." However, Dr. S.B. did not provide a rationale for this opinion.

On remand, the AOJ should afford the Veteran a new VA examination to determine the nature and etiology of his current back disability. The VA examiner should specifically address any relationship to the Veteran's service-connected bilateral knee and/or bilateral foot disabilities, to include an altered gait, as well as the new evidence of record indicating a relationship to the Veteran's active duty service.

Right and Left Knee Disabilities

In accordance with the Board's September 2011 remand instructions, the Veteran was afforded a new VA examination to determine the severity of his service-connected right and left knee disabilities in January 2013. At that time, the VA examiner indicated that stability tests for the Veteran's knees were all normal. However, upon a March 2013 VA physical medicine and rehabilitation services (PM&RS) consultation, the Veteran complained of bilateral knee pain with some instability, and the Veteran was provided with bilateral medial unloader knee braces. See also May 2013 OrthoPro Services treatment note; March 2013 OrthoPro Services treatment note. In a June 2013 statement, the Veteran contended that his knees have worsened, as evidenced by the fact that two special knee braces were now required. During a March 2016 VA PM&RS consultation, the Veteran's left knee showed a positive Lachman test and a positive McMurray's test. Where a veteran asserts that a disability has worsened since his last VA examination, and the last examination is too remote to constitute a contemporaneous examination, a new examination is required. See 38 U.S.C.A. § 5103A(d) (West 2014); 38 C.F.R. § 3.159(c)(4) (2015); see also Snuffer v. Gober, 10 Vet. App. 400 (1997); Green v. Derwinski, 1 Vet. App. 121 (1991). 

The Board also finds the January 2013 VA examination report is inadequate, as it did not indicate that range of motion testing of the service-connected right and left knees was performed in active motion, passive motion, weight-bearing, and nonweight-bearing. See Correia v. McDonald, 28 Vet. App. 158 (2016); 38 C.F.R. § 4.59 (2015). Accordingly, on remand, the AOJ should afford the Veteran a new VA examination to determine the current manifestations and severity of his service-connected right and left knee disabilities.

On remand, the AOJ should also obtain any updated VA treatment records. See, e.g., May 2016 VA Form 21-4142.

Panic Disorder with Agoraphobia

As discussed above, in his December 2013 statement accepted as a substantive appeal, the Veteran requested a hearing before RO personnel. Accordingly, the AOJ should undertake appropriate efforts to schedule the Veteran for a hearing before a Decision Review Officer regarding his appeal for an increased initial disability rating for his panic disorder with agoraphobia.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should obtain any outstanding VA treatment records, to include from the Dublin VA Medical Center and associated outpatient clinics from May 2016 to the present. All obtained records should be associated with the evidentiary record.

2. After the above development has been completed, and after any records obtained have been associated with the evidentiary record, the Veteran should be afforded a VA examination with an appropriate examiner to determine the nature and etiology of his current back disability. The evidentiary record, including a copy of this remand, must be made available to and reviewed by the examiner. The examination report must include a notation that this record review took place. All necessary tests and studies should be accomplished, and all clinical findings should be reported in detail.

After the record review and a thorough examination and interview of the Veteran, the VA examiner should offer his/her opinion with supporting rationale as to the following inquiries:

a) Is it at least as likely as not (i.e. probability of 50 percent or greater) that the Veteran's current back disability was either incurred in, or is otherwise related to, the Veteran's active military service?

The examiner should address the February 1979 separation Report of Medical History in which the Veteran complained of recurrent back pain.

The examiner should also address the positive July 2016 letter opinion from the Veteran's treating VA physician, Dr. S.B. 

b) Is it at least as likely as not (i.e. probability of 50 percent or greater) that the Veteran's current back disability was caused by his service-connected bilateral knee disabilities and/or his service-connected bilateral foot disabilities, alone or in combination?

c) Is it at least as likely as not (i.e. probability of 50 percent or greater) that the Veteran's current back disability is aggravated by his service-connected bilateral knee disabilities and/or his service-connected bilateral foot disabilities, alone or in combination?

The examiner should specifically address the Veteran's contentions that his service-connected knee disabilities and his service-connected foot disabilities have altered his gait, which has caused and/or aggravated his back disability. The examiner should also specifically address the notations in the evidence of record regarding the Veteran's altered gait, as well as the April 2011 positive letter opinion from Dr. A.D.

Aggravation indicates a permanent worsening of the underlying condition as compared to an increase in symptoms. If aggravation is found, the examiner should attempt to quantify the extent of additional disability resulting from the aggravation.

The complete rationale for all opinions should be set forth. A discussion of the facts and the medical principles involved will be of considerable assistance to the Board.

The examiner is advised that the Veteran is competent to report his symptoms and history. Such reports, including those of continuity of symptomatology, must be acknowledged and considered in formulating any opinion. If the examiner rejects the Veteran's reports, the examiner must provide an explanation for such rejection.

3. After #1 has been completed, and after any records obtained have been associated with the evidentiary record, the Veteran should be afforded a VA examination with an appropriate examiner to determine the current severity of his service-connected right and left knee disabilities. The evidentiary record, including a copy of this remand, must be made available to and reviewed by the examiner. The examination report must include a notation that this record review took place. 

A complete history should be elicited directly from the Veteran, and any tests and studies deemed necessary by the examiner should be conducted. All findings should be reported in detail. The examiner is also asked to provide the following information:

a) The examiner is asked to test the range of motion in active motion, passive motion, weight-bearing, and nonweight-bearing for both the service-connected right and left knees. If the examiner is unable to conduct the required testing, or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

b) The examiner is asked to describe any instability in the Veteran's right and/or left knee, to include a discussion of the Veteran's reports of instability, the issuance of bilateral knee braces in 2013, and the positive tests performed during a March 2016 VA PM&RS consultation.

4. Undertake appropriate efforts to schedule the Veteran for a hearing before a Decision Review Officer regarding his claim of entitlement to an initial disability rating in excess of 50 percent for panic disorder with agoraphobia, per his request. The Veteran and his representative should be notified of the date, time, and place of such hearing by letter mailed to his current address of record.

5. After the above development has been completed, readjudicate the claims, to include consideration of the evidence associated with the record since the December 2013 statement of the case (regarding the panic disorder and agoraphobia) and since the August 2014 supplemental statement of the case (regarding the back and knees). If any benefit sought remains denied, provide the Veteran and his representative with a supplemental statement of the case, and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
S. HENEKS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs