Citation Nr: 1817429 
Decision Date: 03/23/18 Archive Date: 04/03/18

DOCKET NO. 14-36 498 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUES

1. Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for an acquired psychiatric disorder.

2. Entitlement to service connection for acquired psychiatric disorders, to include anorexia, bulimia, eating disorder not otherwise specified, anxiety, depression, and a stress disorder, to include PTSD.


REPRESENTATION

Appellant represented by: Vietnam Veterans of America


WITNESSES AT HEARING ON APPEAL

Appellant and spouse


ATTORNEY FOR THE BOARD

A. Fagan, Counsel


INTRODUCTION

The Veteran served on active duty from October 1974 to October 1977, followed by a period of Reserve service. The evidence indicates that the Veteran was also enrolled in the Reserve Officers' Training Corps (ROTC) prior to his period of active duty.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington.

In January 2017, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge. A transcript of the hearing is of record.

The Board notes that the RO limited the Veteran's psychiatric claims on appeal to anorexia and bulimia. However, evidence and statements offered in support of the Veteran's appeal, including a July 2011 notice of disagreement (NOD), suggests that the Veteran's eating disorders, depression, anxiety, and "delayed stress" are intertwined, and that he is seeking to establish service connection for his combined psychiatric disorders. Thus, the Board finds that the issue should be recharacterized, as reflected on the title page, to best reflect both the medical evidence of record and the Veteran's contentions. See Brokowski v. Shinseki, 23 Vet. App. 79, 86-87 (2009); see also Clemons v. Shinseki, 23 Vet. App. 1, 4 (2009).

Regardless of the determination reached by the RO with respect to whether new and material evidence has been received, the Board must find new and material evidence in order to establish its jurisdiction to review the merits of the Veteran's previously denied claim. See Barnett v. Brown, 83 F. 3d 1380 (Fed. Cir. 1996); Jackson v. Principi, 265 F. 3d 1366 (Fed. Cir. 2001).
FINDINGS OF FACT

1. A September 2008 rating decision declined to reopen claims of entitlement to service connection for various psychiatric disorders, including PTSD, anxiety, depression, and eating disorders, including anorexia and bulimia; neither new and material evidence, nor a notice of disagreement was received within one year of that decision.

2. Some of the evidence received since the September 2008 decision relates to unestablished facts necessary to substantiate the psychiatric claims.

3. The RO has determined that the Veteran's 1973 ROTC Advanced Camp training was active duty service for purposes of VA compensation benefits. 

4. The Veteran has provided competent and credible statements that he experienced stressors in service, including: (1) having witnessed a guard dog maul an individual attempting to escape East Berlin, and (2) being in a helicopter on a "Wall flight" over the Berlin Wall, during which time an engine stalled, causing the helicopter to go into free fall at a low altitude, the result of which the Veteran feared crashing, and witnessed East German Wall guards train their weapons on the helicopter. 

5. The Veteran's service personnel records support that his claimed stressors are consistent with the circumstances of his service, as they confirm his service in Berlin with the Berlin Brigade and/or U.S. Army, Berlin, from 1975-1977, during which time he served as a signal security operations specialist in a "high risk environment," and during which time he was involved in or executed training exercises and missions that included "travel through East Germany." There is competent and credible corroborating evidence in the form of February 2006, November 2007, and July 2009 buddy statements that support in-service occurrence of such stressors, including a report by K.H.L. that the Veteran informed him in service of the "dog attack on the Wall."

5. The Veteran has current diagnoses of anorexia, anorexia with purging, bulimia, Major Depressive Disorder, eating disorder not otherwise specified, PTSD, and stress disorder. The Veteran, his wife, and his sister have provided competent and credible evidence of symptomatology related to the foregoing diagnoses in and since service. 

6. Various medical providers have found that the Veteran's psychiatric disorders, to include anorexia, anorexia with purging, bulimia, major depressive disorder, PTSD, and stress disorders, first manifested in or were otherwise related to or aggravated by active service, as indicated in numerous opinions, statements, and/or treatment notes dated in January 2006, July 2007, September 2007, July 2008, July 2009, August 2009, and March 2017. 


CONCLUSIONS OF LAW

1. The September 2008 rating decision is final; new and material evidence has been received to reopen the Veteran's psychiatric claim. 38 U.S.C. §§ 5108, 7105 (2012); 38 C.F.R. §§ 3.104, 3.156, 20.1103 (2017).

2. The criteria for service connection for an acquired psychiatric disorder have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

New and Material Evidence

The Veteran's initial claims of entitlement to service connection for depression, anorexia, and anxiety were denied in a final May 2003 rating decision. Thereafter, the Veteran filed multiple claims to reopen, the most recent of which was denied in a September 2008 rating decision. The Veteran was notified of the decision and his appellate rights that month, and he did not appeal the denial of the claim or submit new and material evidence within one year. 

The Board recognizes that, in September 2009, the Veteran submitted additional evidence, including private nexus opinions that are dated in July 2009 and August 2009. However, such evidence was not received until September 25, 2009, more than one year after the September 10, 2008, issuance of the rating decision. And, because the private nexus opinions are not VA records, they cannot be considered to have been in VA's constructive possession. To the extent that the additional evidence also included VA treatment notes dated within a year of the September 2008 decision that relate to the Veteran's psychiatric claims, which could be considered in VA's constructive possession, those records relate only to evidence of a current disability, which was already established by the record. As such, they would not constitute both new and material evidence such that the September 2008 rating decision remained pending. 

Thus, the September 2008 rating decision became final. See 38 U.S.C. § 7105 (2012); 38 C.F.R. §§ 3.156(b); 20.302, 20.1103 (2017); see also Bond v. Shinseki, 659 F.3d 1362 (Fed. Cir. 2011); Buie v. Shinseki, 24 Vet. App. 242, 251-52 (2010).

Generally, if a claim of entitlement to service connection has been previously denied and that decision has become final, the claim can be reopened and reconsidered only if new and material evidence is presented with respect to that claim. 38 U.S.C. § 5108. New evidence is defined as existing evidence not previously submitted to agency decisionmakers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence previously of record and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). For the purpose of establishing whether new and material evidence has been received, the credibility of the evidence, but not its weight, is to be presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992).

The evidence considered at the time of the September 2008 rating decision included service treatment records (STRs), post-service treatment records, buddy statements, lay statements of the Veteran, and private opinions. The RO declined to reopen the claim because the Veteran did not submit new evidence that established in-service incurrence of a mental health condition or, specific to PTSD, credible supporting evidence of an in-service stressor.

Evidence received since the September 2008 rating decision consists of additional post-service treatment records, private nexus opinions, lay statements of the Veteran and his wife, a VA examination report, and Disability Benefit Questionnaires related to eating disorders and PTSD. This evidence is "new," as it was not previously submitted to agency decision makers. As will be explained, some of this evidence is also "material."

In this regard, a May 2011 written statement provided by the Veteran's wife attests to her personal knowledge of psychiatric symptoms exhibited by the Veteran within a few years of separation from active service and during his period of Reserve service. Additionally, in July 2009 and March 2017, private providers opined that evidence in the Veteran's STRs represented early manifestations of an eating disorder, supporting in-service incurrence. The Board also notes that multiple providers have also determined that a diagnosis of PTSD is warranted based on the Veteran's reported stressors in service, also relevant to in-service incurrence. 

As the new evidence detailed above relates to the unestablished fact of in-service incurrence, it is material. For that reason, the Board finds that the claim of entitlement to service connection for an acquired psychiatric disorder may be reopened. See Shade v. Shinseki, 24 Vet. App. 110, 118 (2010).

Service Connection

Having reopened the psychiatric service connection claim, the Board will turn to the merits. Following a careful review of the record, the Board finds that the criteria for establishing entitlement to service connection for an acquired psychiatric disorder are met. In this regard, the evidence shows current psychiatric disorders, evidence of mental health problems and stressors in service, and positive evidence of a nexus between the Veteran's current psychiatric disorders and his service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303; See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999).

There is no dispute that the Veteran has a current psychiatric disorder or combination of disorders, to include an eating disorder variously diagnosed as bulimia, anorexia, anorexia with purging, and an eating disorder not otherwise specified. He has also been diagnosed with Major Depressive disorder, PTSD, a stress disorder, anxiety and depression.

The Board also finds in-service incurrence, based on the competent lay testimony of the Veteran and his wife regarding an onset of symptoms in service, as well as the various medical opinions of record indicating that the evidence of vomiting, weight loss, and diarrhea in STRs represented manifestations of an eating disorder in service. Indeed, the Board notes that while the Veteran was 130 pounds on his entrance examination in November 1974, he weighed only 119 pounds during his August 1977 separation examination, while standing 68 inches. The Board further finds that the record supports the occurrence of in-service stressors related to witnessing a dog mauling and a helicopter free fall, as those stressors are consistent with the circumstances of his service.

Finally, the record contains numerous opinions and statements in support of a nexus between the Veteran's current psychiatric disorders and service. Of note, many of those opinions were based not only on familiarity with the Veteran's medical history through long-standing treatment, but on a review of his STRs. In January 2006, a private physician explained that anorexia is a chronic disorder usually brought on by significant situational and interpersonal demands causing patients to turn anxiety into an obsession with body image and weight. The physician reviewed the STRs and noted specific findings indicative of an eating disorder. The physician also found that the Veteran's symptoms of depression and anxiety developed during service as a result of stress, fear of death, and isolation. She stated that it appeared to her "that all of the above symptoms are directly related to [the Veteran's] time in the service." The same month, a private psychologist similarly opined that based on treatment of the Veteran and review of military records, the Veteran's symptoms of posttraumatic stress "clearly relate to his experience in the military." 

In July 2007, a different private psychologist noted a recommendation that "VA acknowledge [the Veteran's] PTSD and that his military service is the etiology of his PTSD." That psychologist found that a number of different psychological disorders began to surface during the Veteran's ROTC training, grew in magnitude and intensity during active duty service, and continued until today. He based his opinion on seven separate interviews with the Veteran, a review of the Veteran's military records, as well as a review of post-service VA and private medical records. Then, in September 2007, the private physician who provided the initial January 2006 opinion offered a more thorough and detailed rationale in support of the opinion that the Veteran suffered from Generalized Anxiety Disorder, Major Depressive Disorder, an eating disorder/anorexia and bulimia, and PTSD/stress disorder as a result of his military service.

The foregoing opinions are consistent with subsequent opinions offered in July 2008. In July 2008, a VA provider noted treatment of the Veteran since 2002 for diagnoses of "PTSD, Major Depression, OCD, Eating Disorder, and Generalized Anxiety Disorder." She then noted that his "military record reveals problems with his eating disorder were present" during service, noting treatment in February 1977 for chronic vomiting, diarrhea, and low weight. The same month, a different VA primary care provider found "clear signs of bulimia/anorexia with purging" in the Veteran's STRs. The examiner also noted current triggers that can be attributed to the Veteran's military service. Those opinions are consistent with the July 2008 opinion of a private psychologist who concluded based on "an extensive review of [the Veteran's] military records" that they provide "ample evidence of [the Veteran's] eating disorders." Also in July 2008, a different private physician provided a statement detailing the Veteran's weight history and symptoms of vomiting in service as evidence of an eating disorder in service. She further noted that current past civilian records support the Veteran's contentions regarding onset of an eating disorder in service and problems with the same ever since. 

Similar opinions were again offered in July 2009, at which time a private psychologist found that the Veteran's PTSD was "due to his experiences in the military." That psychologist also addressed the Veteran's denials of symptoms related to eating disorders during service examinations and explained why such denials were not probative. In August 2009, another private physician found that the Veteran's bulimia, anorexia/anorexia with purging, depression, and anxiety, were the result of his military service. She also noted that, although the Veteran indicated he was not pursuing a PTSD claim at that time, there was "ample evidence in the medical records to substantiate his claims." Most recently, in March 2017, a private psychologist again opined that the Veteran's eating disorders and PTSD are related to his service. The psychologist found the Veteran to be a "reputable historian" whose statements were confirmed by his military, VA, and civilian medical records. The psychologist noted that a diagnosis of eating disorder not otherwise specified in service was warranted based on February 1977 treatment for chronic vomiting and low weight. 

Significantly, there is no contrary medical opinion of record. Although the Veteran was afforded a VA examination regarding his psychiatric disorders in May 2010, that examiner offered no etiological opinion.
 
In summary, the only probative evidence of record overwhelmingly supports that the Veteran's current psychiatric disorders, including his eating disorders and PTSD, had their onset in or are otherwise directly related service. Thus, the Board finds that service connection is warranted.


ORDER

New and material evidence having been received, the claim of entitlement to service connection for an acquired psychiatric disorder, is reopened.

Service connection for psychiatric disorders, including eating disorders and PTSD, is granted.


______________________________________________
S. C. KREMBS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs