# United States Court of Appeals for the Federal Circuit

---

**RICHARD D. BOND,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7096

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-89, Judge William P. Greene, Jr.

---

Decided: October 7, 2011

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

LAUREN A. WEEMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, TODD M. HUGHES, Deputy Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel,

and CHRISTA A. SHRIBER, Attorney, United States Department of Veterans Affairs, of Washington, DC,
sel, United States Department of Veterans Affairs, of Washington, DC, and CHRISTA A. SHRIBER, Attorney.

---

Before DYK, MOORE, and O'MALLEY, *Circuit Judges*.

O'MALLEY, *Circuit Judge*.

Richard D. Bond appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming the Board of Veterans' Appeals' ("Board") denial of entitlement to an earlier effective date for a rating of total disability based on individual unemployability ("TDIU"). *Bond v. Shinseki*, No. 08-0089, 2010 U.S. App. Vet. Claims LEXIS 247 (Ct. Vet. App. Feb. 26, 2010) ("*2010 Decision*"). Because the Veterans Court's decision was based on an erroneous interpretation of 38 C.F.R. § 3.156(b), we vacate and remand.

## BACKGROUND

Mr. Bond served in the United States Marine Corps from December 1965 to November 1968. On October 8, 1996, he filed a claim for compensation for post-traumatic stress disorder ("PTSD"). The Department of Veterans Affairs ("VA") Regional Office ("RO") granted Mr. Bond's claim on May 6, 1997, and assigned a disability rating of 30%, effective October 8, 1996.

In February 1998, Mr. Bond submitted to the RO a document stating: "I respectfully request an increase in percentage rating for my service connected [PTSD] presently rated at 30% service connected." Joint Appendix ("JA") 29. He attached to this document a medical record signed by Staff Psychologist F. Garner, Ph. D., which references a January 14, 1998 psychological examination

and discusses the history of Mr. Bond's psychological condition. In a July 8, 1998 decision, the RO treated the February 1998 submission as a new claim for an increased PTSD disability rating. The RO denied Mr. Bond's request for an increased rating on grounds that he had not submitted "medical evidence that [his] PTSD condition ha[d] worsened." JA32-35.

On July 7, 1999, Mr. Bond submitted a statement to the RO requesting reconsideration of the July 8, 1998 rating decision, along with an additional psychological examination report. On July 15, 1999, the RO, again, continued the 30% disability rating for PTSD, noting that the report attached to Mr. Bond's July 7, 1999 submission "fail[ed] to show the veteran has symptoms and manifestations of" PTSD. JA40. The RO, subsequently, construed Mr. Bond's July 7, 1999 request for reconsideration as a notice of disagreement ("NOD") with the RO's July 1998 decision and issued a statement of the case in December 1999. Mr. Bond perfected his appeal to the Board in February 2000.

During the pendency of Mr. Bond's July 1999 NOD, he filed an additional request for an increased PTSD rating. The RO denied this request in August 1999, finding that 1998 and 1999 VA hospitalization records Mr. Bond submitted did not warrant a higher rating. On September 8, 1999, Mr. Bond filed another request for an increased rating, alleging that his PTSD "prevent[ed] [him] from performance of gainful employment." JA48. The RO denied this request in an October 14, 1999 decision.

Following this denial, Mr. Bond submitted: (1) a formal application for TDIU due to PTSD; (2) documentation associated with VA Examinations conducted between February 22, 2000 and March 29, 2000; and (3) an affida-

vit regarding his work history. On December 29, 2000, the RO increased Mr. Bond's schedular PTSD disability rating to 70% and awarded a TDIU rating, both effective July 7, 1999. Mr. Bond filed a NOD as to the effective dates for both disability awards on December 21, 2001. In January 2003, the RO issued a statement of the case on the issue of Mr. Bond's entitlement to earlier effective dates, and Mr. Bond perfected the matter for Board review.

The Board addressed both of Mr. Bond's appeals in a September 23, 2004 decision. First, the Board considered Mr. Bond's argument that, because his February 11, 1998 submission was received prior to the expiration of the appeal period for the May 1997 rating decision, the effective date for his 70% rating should be October 8, 1996, the date of his initial claim for PTSD.[1] Specifically, Mr. Bond argued that his February 1998 submission was actually new and material evidence relating to the earlier, May 1997, rating decision and should have been assessed as such by the RO. The Board rejected this argument, concluding that the RO properly characterized the February 1998 submission as a *new* claim for an *increased* PTSD rating. The Board found that Mr. Bond had allowed the May 1997 decision to become final by failing to file an appeal from that decision within one year and that

---

[1] The effective date for a claim for increased rating is the "date of receipt of the claim or the date entitlement arose, whichever is later." 38 C.F.R. § 3.400. A claimant, however, may obtain an earlier effective date for an issued rating decision if the claimant submits new and material evidence within the appeal period of that rating decision or before an appellate decision of that rating decision. *See* 38 C.F.R. § 3.400(q)(1). It was this exception to Section 3.400 upon which Mr. Bond relied before the Board.

the February 1998 submission did not extend the time for that appeal.

The Board then turned to the February 1998 claim and the question of whether Mr. Bond was entitled to an earlier effective date for the 70% PTSD disability rating he received in connection with that claim, finding that he was. After examining the medical records submitted by Mr. Bond both before and in connection with his February 1998 submission, the Board determined that those medical records showed symptoms substantially predating January 1997. Based on this conclusion, the Board noted that those records would be treated as an informal claim, normally allowing for an effective date of up to one year before February 1998. Richard D. Bond, No. 03-03 844, slip op. 15 (Bd. Vet. App. Sept. 23, 2004) (citing 38 C.F.R. § 3.157 (2003)).[2] Based on the Board's earlier conclusions that the May 1997 rating decision had become final and that the February 1998 claim was an entirely new claim, however, it concluded that May 7, 1997 – the day after the earlier, final, 30% rating decision – was the earliest effective date it could award.

Consequently, the Board granted an effective date of May 7, 1997 for Mr. Bond's 70% disability rating "based on the medical evidence that predated the veteran's February 1998 written claim." *Id.* at 16. The Board denied Mr. Bond's remaining claims, finding that: (1) he was not entitled to an earlier effective date for TDIU; and (2) his symptoms did not warrant a disability rating higher than 70%.

---

[2]    Section 3.157 allows the receipt of certain records to serve as an informal claim, and it allows the payment of retroactive benefits for a period of one year prior to the date of receipt of those records.

Mr. Bond appealed to the Veterans Court, arguing that the Board: (1) erred in finding that the May 6, 1997 decision awarding a 30% rating for PTSD had become final; and (2) erroneously determined the date of his initial claim for TDIU. With respect to the finality issue, Mr. Bond argued that, when assigning the effective date for his 70% rating, the Board failed to consider whether he had submitted new and material evidence prior to the expiration of the appeal period for the May 6, 1997 RO decision. According to Mr. Bond, the May 6, 1997 decision could not have become final because the Board never considered whether his February 1998 submission contained new and material evidence relating to his October 1996 claim. *See Muehl v. West*, 13 Vet. App. 159, 161-62 (1999) (holding that, when the VA fails to consider new and material evidence submitted within the one-year appeal period pursuant to § 3.156(b), and that evidence establishes entitlement to the benefit sought, the underlying RO decision does not become final).

In a March 30, 2007 decision, the Veterans Court affirmed the Board's September 2004 decision as it applied to Mr. Bond's schedular rating, but vacated the Board's determination that Mr. Bond was not entitled to an effective date earlier than July 7, 1999 for his TDIU rating. *See Bond v. Nicholson*, No. 05-0029, 2007 U.S. App. Vet. Claims LEXIS 539 (Ct. Vet. App. Mar. 30, 2007) ("*2007 Decision*"). In doing so, the court rejected Mr. Bond's contention that "the Board failed to consider whether he submitted new and material evidence prior to the expiration of the appeal period of the May 6, 1997 RO decision," as required by 38 C.F.R. § 3.156(b). *Id.*, at *8. Specifically, the court held that, because "the RO treated that submission as an increased rating claim," it did not fail to consider whether it constituted new and material evidence for purposes of § 3.156(b). *Id.* With respect to

the TDIU issue, the court held that the Board clearly erred by failing to consider whether Mr. Bond's February 1998 submission – which served as the basis for the Board's decision to assign an earlier effect date for Mr. Bond's 70% disability rating – also may have reasonably raised an informal claim for a rating of TDIU. The Veterans Court, thus, remanded the case with instructions to "assign an effective date for Mr. Bond's PTSD after considering," among other things, "his February 1998 increased rating claim." *Id.*, at *12.

On remand, the Board found that Mr. Bond's February 1998 submission met the requirements for an informal claim for TDIU and assigned an effective date of February 11, 1998 for that claim. Although Mr. Bond argued for an earlier effective date, the Board declined to assign one because, in its view, there was "no communication from the veteran prior to February 11, 1998 which [could] be construed as an informal claim of entitlement to TDIU." Richard D. Bond, No. 03-03 844, slip op. 8 (Bd. Vet. App. Sept. 14, 2007).

Mr. Bond appealed this decision to the Veterans Court, arguing that "his February 1998 submission constituted new and material evidence [filed] within the one-year appeal period of the May 1997 RO decision" and that he was, thus, entitled to an earlier effective date for his TDIU rating. *See 2010 Decision*, 2010 U.S. App. Vet. Claims LEXIS 247, at *3. The court rejected this argument based on res judicata. Specifically, the court held that its March 2007 decision "expressly ruled on" the issue of whether "the February 1998 submission constituted new and material evidence submitted during the one-year appeal period" and concluded that it did not. *Id.*, at *3-4. Consequently, the court affirmed the Board's assignment of February 11, 1998 as the effective date for Mr. Bond's TDIU rating. This appeal followed.

DISCUSSION

Our jurisdiction to review the decisions of the Veterans Court is limited by statute. *Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002). Section 7292(a) of Title 38 provides that this court may review the validity of the Veterans Court's decision on "a rule of law or of any statute or regulation" or "any interpretation thereof" that the Veterans Court relied on in making its decision. Under 38 U.S.C. § 7292(d)(2), however, we may not review: (1) "a challenge to a factual determination" or (2) "a challenge to a law or regulation as applied to the facts of a particular case," unless the challenge presents a constitutional issue.

On appeal, Mr. Bond challenges the Veterans Court's interpretation of 38 C.F.R. § 3.156(b) – the VA regulation pertaining to new and material evidence submitted in connection with a pending claim. Pursuant to § 3.156(b), "[n]ew and material evidence received prior to the expiration of the" period for appealing a decision "will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." 38 C.F.R. § 3.156(b). Mr. Bond argues that, properly interpreted, this regulation requires the VA to review any evidence submitted during the appeal period and make a determination as to whether it constitutes new and material evidence relating to an existing claim before deciding whether the submission may also constitute a new claim. According to Mr. Bond, because the VA received his February 1998 submission before the deadline for appealing the RO's May 6, 1997 rating decision, the VA was required to determine whether that submission constituted new and material evidence that could support a

different result as to his October 8, 1996 claim, even if the same evidence might also support a new claim. Mr. Bond argues that the Veterans Court erroneously interpreted § 3.156(b) by holding that the VA satisfied the regulation's requirements even though it never made a determination as to whether the February 1998 submission contained new and material evidence pertaining to his October 1996 claim.

The government first responds that this case falls outside of our jurisdiction because, in its view, "what Mr. Bond really challenges here is the Veterans Court's factual determination that he did not submit new and material evidence pertaining to his initial October 1996 claim within the one-year appeal period or the Veterans Court's application of § 3.156(b) to the facts of this case."[3] Appellee's Br. 10. We disagree. Mr. Bond's argument is that the Veterans Court misinterpreted § 3.156(b) when it endorsed the RO's failure to consider whether his submission contained new and material evidence because, in his view, the regulation requires such consideration. Whether § 3.156(b) requires the VA to determine if a submission filed during the appeal period constitutes new and material evidence relating to a pending claim is a legal question divorced from the facts of this case. We,

---

[3] Specifically, the government contends that the Veterans Court made this alleged factual determination or application of law to facts in its March 30, 2007 decision. *See* Appellee's Br. 10 (citing *2007 Decision*, 2007 U.S. App. Vet. Claims LEXIS 539). As the government acknowledges, the Veterans Court's February 2010 decision could not have involved a factual determination or application of law to facts because it rejected Mr. Bond's § 3.156(b) argument on the legal ground that, under the doctrine of res judicata, Mr. Bond was barred form relitigating the issue. *See 2010 Decision*, 2010 U.S. App. Vet. Claims LEXIS 247, at *3-4.

accordingly, have jurisdiction over Mr. Bond's appeal. *See* 38 U.S.C. § 7292.

With respect to the merits, the government argues that, because the "plain language" of the cover letter attached to Mr. Bond's February 1998 submission stated that he was "request[ing] an increase in percentage rating for [his] service connected [PTSD]," the RO and Veterans Court properly treated the submission as a new claim, rather than new and material evidence relating to his October 1996 claim. Appellee's Br. 23. According to the government, where a claimant requests an increased rating in correspondence attached to newly submitted evidence, the RO need not consider whether the underlying submission constitutes new and material evidence relating to an existing claim, regardless of the nature of the evidence submitted and its relationship to any pending claims. We reject the notion that such a statement made in connection with the submission of evidence discharges the RO of its duty, under § 3.156(b), to actually evaluate the evidence submitted and determine whether it is new and material to an old claim.

Section 3.156(b) provides that "*[n]ew and material evidence* received prior to the expiration of the" period for appealing a decision "*will be* considered as having been filed in connection with the [pending] claim." 38 C.F.R. § 3.156(b) (emphases added). Thus, the question for purposes of the regulation is whether the evidence submitted is, in fact, new and material—not whether the claimant characterizes it as such. Because § 3.156(b) requires that the VA treat new and material evidence as if it was filed in connection with the pending claim, the VA must assess any evidence submitted during the relevant period and

make a determination as to whether it constitutes new and material evidence relating to the old claim.[4]

This obligation persists even where, as here, the RO has concluded that the submission in question also supports a new claim for an increased rating, for neither law – nor logic – dictates that evidence supporting a new claim cannot also constitute new and material evidence relating to a pending claim. The Veterans Court, thus,

---

[4] Although not raised in its brief, the government suggested, at oral argument, that *Voracek v. Nicholson*, 421 F.3d 1299 (Fed. Cir. 2005) compels a different result. The government's reliance on *Voracek* is misplaced. There, the veteran's only submission during the relevant period was a Statement in Support of Claim ("SSC"), the extent of which was the following paragraph:

> I wish to re-open my claim for PTSD as I feel this condition has worsened. I go to the Portland [Veterans] Center for counseling on a weekly basis as to the problems I am having because of the PTSD. Please contact them for my counseling records to verify this.

*Id.* at 1301. It was undisputed that "Voracek did not submit any evidence accompanying his SSC." *Id.* Our inquiry was, thus, limited to whether his SSC "by itself or when considered with previous evidence of record" was relevant to an "unestablished fact necessary to substantiate" Voracek's original claim for PTSD.

Significantly, the issue before us today – whether the VA must make a determination as to whether evidence submitted during the appeal period constitutes new and material evidence for purposes of § 3.156(b) – was not before us in *Voracek* because Mr. Voracek did not allege that the VA failed to make such a determination. Nor did *Voracek* involve the submission of medical evidence relevant to the veteran's condition during the pendency of his original claim. We, accordingly, reject the government's contention that *Voracek* somehow controls the outcome of this case.

erred when it rejected Mr. Bond's argument that the Board failed to consider whether he submitted new and material evidence on the basis that "the RO treated [Mr. Bond's February 1998] submission as an increased rating claim." *2007 Decision*, 2007 U.S. App. Vet. Claims LEXIS 539, at *8. That the RO treated the February 1998 submission as a new claim does not foreclose the possibility that it may have also contained new and material evidence pertaining to his October 1996 claim and, accordingly, could not have relieved the VA of its obligations under § 3.156(b).

When pressed on this issue at oral argument, the government appeared to concede that the VA must make two determinations with respect to submissions received during the period for appealing a decision: (1) whether the submission contains new and material evidence relating to a pending claim; and (2) whether it should be treated as a new claim for an increased rating. *See* Oral Argument at 14:00, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 10-7096.mp3 (stating that the government "would not argue with" this proposition and confirming that the Veterans Court's decision in *Young v. Shinseki*, 22 Vet. App. 461 (Ct. Vet. App. 2009) indicates "that . . . the Board needs to go through [this] type of analysis"). The government, nevertheless, maintains that, although nothing in the record indicates that the RO or Board made a determination as to whether the February 1998 submission contained new and material evidence, this analysis "implicitly did happen" and that we must defer to that implicit finding. *Id.* at 23:02.

Absent any indication in the record that this analysis occurred, we decline to presume that the VA considered, but rejected, the possibility that Mr. Bond's February 1998 submission contained new and material evidence

relating to his October 1996 claim. We are particularly reluctant to do so in light of the Board's statutory obligation to provide "a written statement of [its] findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." *See* 38 USC 7104(d)(1); *Young*, 22 Vet. App. At 466 ("[T]he Board must include in its decision a written statement of the reasons or bases for its findings and conclusions, adequate to enable an appellant to understand the precise basis for the Board's decision as well as to facilitate review. . . .").[5] Such a presumption would effectively insulate the VA's errors from review whenever it fails to fulfill an obligation, but leaves no firm trace of its dereliction in the record. We are particularly reluctant to assume an unstated finding, moreover, where, as here, the additional materials submitted would seem to compel the opposite conclusion. Consequently, this matter requires remand for a determination as to whether Mr. Bond's February 1998 submission contains new and material evidence relating to his October 1996 claim. *See Young*, 22 Vet. App. at 468 (holding that the "Board's failure to discuss § 3.156(b), which on [the]

---

[5]     Reference to the presumption of regularity does not alter our conclusion. Where neither the RO nor the Board has addressed a critical and determinative issue and the Board findings refer exclusively to an alternate analysis, resort to the presumption of regularity cannot create a record which is simply not there. *Compare Jennings v. Mansfield*, 509 F. 3d 1362, 1367 (Fed. Cir. 2007) (In discussing interplay between the presumption of regularity and the Board's obligation to detail the bases for its ruling, this Court noted that "where Board has explained its decision in detail and made clear the reasons and bases for its decision, and in substance has articulated the correct burden of proof. . ." the Board need not use magic words and the Veterans Court can assume the Board used the correct standard.)

record" before the Veterans Court was "a potentially applicable regulatory provision, require[d] remand").

CONCLUSION

For these reasons, we find that the Veterans Court erred in holding that, because the RO treated Mr. Bond's February 1998 submission as a claim for an increased rating, the VA satisfied its obligations under 38 C.F.R. § 3.156(b). To comply with the directive of § 3.156(b) that new and material evidence be treated as having been filed in connection with the pending claim, the VA must evaluate submissions received during the relevant period and determine whether they contain new evidence relevant to a pending claim, whether or not the relevant submission might otherwise support a new claim. Because the VA failed to make such a determination with respect to Mr. Bond's February 1998 submission, we vacate and remand for proceedings consistent with this opinion.

**VACATED AND REMANDED**

COSTS

Appellant shall have his costs.