NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LARRY D. ERVIN,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7075

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1923, Judge William A. Moorman.

---

Decided: February 23, 2015

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, for claimant-appellant.

VERONICA NICOLE ONYEMA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR; MEGHAN ALPHONSO, DAVID J. BARRANS, LARA EILHARDT, Office of the General Counsel,

United States Department of Veterans Affairs, Washington, DC.

———————————

Before DYK, MOORE, and O'MALLEY, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Larry Ervin appeals this judgment of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans Appeals ("Board") that there was no service connection for Ervin's alleged psychiatric disabilities. Because we find that Ervin's appeal improperly requests that we reweigh the facts at issue in his case, we *dismiss* for lack of jurisdiction.

## I. BACKGROUND

Ervin served on active duty in the Navy from April 1970 to December 1970. In his separation examination, he was evaluated as psychiatrically normal. In 1972, he applied for compensation benefits for an injury to his middle figure of his right hand, but did not allege any psychiatric disabilities. Twenty years later, in June 1992, Ervin first filed a claim for compensation for psychiatric disabilities. This claim has been continuously prosecuted since that time, including multiple remands from the Veterans Court. During that time, Ervin supported his claim with evidence based on his lay testimony.

Relevant to this appeal, on March 2, 2012, the Board denied Ervin's claims for service connection for his alleged psychiatric disabilities. The Board "considered all lay and medical evidence as it pertains to the issues," but found no basis for a service connection, explaining that Ervin's assertions regarding his psychiatric manifestations were not credible, and more reliable evidence weighed against service connection. On November 13, 2013, the Veterans Court affirmed the Board's decision, finding that Ervin merely challenged the Board's weighing of the evidence.

The Veterans Court explained that the Board properly considered all of Ervin's favorable evidence and made a credibility assessment based on other evidence in the record, properly applying 38 C.F.R. § 3.303(a). Ervin timely appealed.

## II. DISCUSSION

Our jurisdiction over the decisions of the Veterans Court is limited by statute. *Bond v. Shinseki*, 659 F.3d 1362, 1366 (Fed. Cir. 2011). Under 38 U.S.C. § 7292(d)(2), we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2012).

Ervin argues that the Board relied on a misinterpretation of the term "pertinent evidence" in 38 C.F.R. § 3.303(a) because it did not consider relevant lay evidence on the record. Under 38 C.F.R. § 3.303(a), the Board must consider "the entire evidence of record," including "medical records and all pertinent medical and lay testimony." In this case, however, there is nothing in the record to suggest that the Board failed to consider any of Ervin's proffered evidence. Indeed, the Board considered all of Ervin's lay evidence, but concluded that, because multiple parts of the record conflicted with Ervin's lay evidence, the more credible evidence weighed against finding a service connection. Ervin's arguments, therefore, entirely turn on the Board's credibility findings, which we do not have jurisdiction to address. *See* 38 U.S.C. § 7292(d)(2).

## III. CONCLUSION

For the foregoing reasons, we dismiss this case for lack of jurisdiction

**DISMISSED**