﻿Citation Nr: 18115444
Decision Date: 07/02/18 Archive Date: 07/02/18

DOCKET NO. 17-06 144
DATE: July 2, 2018
ORDER
As new and material evidence to reopen the claim for service connection for a back condition has been received, to this limited extent, the appeal is granted.
REMANDED
Entitlement to service connection for a back condition is remanded.
FINDING OF FACT
1. In a September 2013 decision, the agency of original jurisdiction (AOJ) denied the Appellant’s claim for service connection for a back condition. Although notified of the denial, the Appellant did not initiate an appeal, and no pertinent exception to finality applies.
2. The evidence pertaining to the Appellant’s back condition submitted after the September 2013 AOJ denial is not cumulative or redundant of evidence of record at the time of the prior denial, relates to an unestablished fact necessary to substantiate the claim, and raises a reasonable possibility of substantiating the claim.
CONCLUSION OF LAW
1. The AOJ’s September 2013 denial of the claim for service connection for a back condition is final. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.104; 20.302, 20.1103. 
2. As additional evidence received since the AOJ’s September 2013 denial is new and material, the criteria for reopening the claim for service connection for a back condition are met. 38 U.S.C. §§ 1131, 5100, 5102, 5103, 5103A, 5107, 5108; 38 C.F.R. §§ 3.156, 3.159.
REASONS AND BASES FOR FINDING AND CONCLUSION
The Appellant served on active duty for training from February 1979 to May 1979 with additional service in the Pennsylvania Army National Guard between October 1978 and October 1981. 
Whether new and material evidence has been received to reopen a claim for entitlement to service connection for a back condition.
Generally, a claim which has been denied in an unappealed RO decision may not thereafter be reopened and allowed. 38 U.S.C. §§ 7104(b), 7105(c). The exception to this rule is 38 U.S.C. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim. 
New evidence is defined as existing evidence not previously submitted to agency decision makers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence previously of record, and must raise a reasonable possibility of substantiating the claim. See 38 C.F.R. § 3.156.
Regardless of the determination reached by the RO, the Board must find new and material evidence in order to establish its jurisdiction to review the merits of a previously denied claim. See Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996); Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001).
The Appellant’s service connection claim for a back condition was denied in a September 2013 rating decision. The Appellant was notified of the outcome in letter, and did not file a notice of disagreement within one year, nor was any additional evidence pertinent to the claim received within one year of that decision. Thus, the September 2013 rating decision became final regarding the back condition. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.156(b); 20.302, 20.1103; see also Bond v. Shinseki, 659 F.3d 1362 (Fed. Cir. 2011). A final decision cannot be reopened unless new and material evidence is presented. 38 U.S.C. § 5108. 
At the time of the September 2013 rating decision, the evidence of record consisted of the Appellant’s lay statements, a Pennsylvania Army National Guard Retirement Credits Record, and private treatment records. 
The evidence received since the final denial of September 2013 includes additional lay statements, and additional private treatment records. 
The Board finds that the newly submitted evidence provides a basis for reopening the Appellant’s claim for service connection for a back condition. At the time of the prior September 2013 AOJ denial, the evidence of record did not show a back condition related to the Appellant’s active duty service. The newly submitted evidence contains the Appellant’s lay statements specifying the period of active service in which the claimed injury occurred, the location of said service, and the name and location of hospital that treated the claimed injury. See December 2015 Authorization to Disclose Information to the Department of Appellants Affairs; August 2016 Notice of Disagreement. 
The Board finds that the evidence is “new” in that it was not before agency decision makers at the time of the September 2013 denial of the claims for service connection, and is not duplicative or cumulative of evidence previously of record. Moreover, this evidence is “material” in that it relates to the diagnosis and etiology of the claimed disability for which service connection is under consideration. The Board finds that such evidence raises a reasonable possibility of substantiating the Appellant’s service connection claim. 
Under these circumstances, the Board concludes that the criteria for reopening the Appellant’s claim for service connection for a back condition are met. See 38 U.S.C. § 5108; 38 C.F.R. § 3.156.
REASONS FOR REMAND
Entitlement to service connection for a back condition is remanded.
The Appellant asserts he was in an accident during his period of active service, where he injured his back, received immediate hospital care, and then subsequently required back surgery in July 1980 at the Pottstown Memorial Medical Center. 
The Appellant service records have been deemed by the agency of original jurisdiction (AOJ) to be unavailable. There is an Army National Guard Retirement Credits Record on file indicating that the Appellant service in the Guard from October 1979 until October 1981. Pertinently however, only records dating from the Appellant’s February 4, 1979 to May 13, 1979 period of active duty for training have been requested by the AOJ through the Personal Information Exchange System (PIES). There is no indication that either the AOJ or the Appellant has requested all available Guard records, both medical and personnel, dating during his full period of service in the Guard from October 1978 to October 1981. Given the scarcity of contemporaneous evidence in the file, the Board believes that an expanded request should be undertaken on remand. The Board observes that the Appellant’s own requests for records from various repositories have been for his DD-214 or other separation documents only. On remand, all efforts should be made to obtain the Appellant’s service treatment records and service personnel records pertaining to the Appellant’s entire period of National Guard service, from October 1978 to October 1981.
In addition, although the AOJ did, per the Appellant’s request, contact the Pottstown Memorial Medical Center for pertinent hospital records dated from January 1, 1980 forward (for which no records exist), the Appellant has also asserted he sought immediate hospital treatment after his accident during his period of active duty for training. On remand the AOJ should ask the Appellant to specify where he received this hospital treatment, and request records accordingly.
Finally, even if further efforts to obtain the missing service treatment records are unsuccessful, the AOJ should still provide the Appellant with a VA examination to obtain a medical opinion on the probability of a causal relationship between active military service and his current back condition. 
The matter is REMANDED for the following action:
1. The AOJ should make further efforts to obtain complete copies of the Appellant’s missing service treatment records and service personnel records, dated during his entire period of National Guard service, from October 1978 to October 1981. These efforts should include contacting the Office of the Adjutant General of Pennsylvania, as well as any other records repository deemed appropriate. If further attempts to obtain these records are futile, a memorandum of unavailability should be associated with the claims file and the Appellant should be so notified.
2. Contact the Appellant and ask him to provide information about where he sought hospital treatment at the time he had his in-service accident during active duty for training in 1979, and request that he provide authorization for VA to obtain records of treatment on his behalf. All efforts to obtain these records, including copies of any negative responses from records custodians, should be described in writing and associated with the electronic claims file.
3. After the development directed in paragraphs 1 and 2 has been completed to the extent possible, schedule the Appellant for an appropriate VA examination for his claimed back condition. All indicated evaluations, studies and tests, to include X-rays, deemed necessary by the examiners should be accomplished. 
If the AOJ fails to obtain the previously missing service treatment records, it should clearly explain to the examiner that, through no fault on the part of the Appellant, all service treatment records have been lost.
The examiner should take a history from the Appellant as to the progression of his back disability, to include his reported history of surgery.
After review of the record and upon examination, the examiner should opine whether it is at least as likely as not (50 percent probability or greater) that any current disabilities of the back had their onset in service or are otherwise related to any in-service disease, injury or event. The examiner must provide a complete rationale for all opinions expressed. 

(CONTINUED ON NEXT PAGE)
If it is the examiner’s opinion that any of disabilities of the back are not related to service, he or she should thoroughly explain the medical reasons for that conclusion. In describing the rationale for his or her conclusion, the examiner may not rely solely on the absence of service treatment records documenting the claimed injury. 
 
V. Chiappetta
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD L. Bristow Williams, Associate Counsel