﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190907-29404
DATE: March 31, 2020

REMANDED

Entitlement to an initial rating in excess of 10 percent for right wrist osteoarthritis, excluding the period during which a temporary total rating based on convalescence was assigned pursuant to 38 C.F.R. § 4.30, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from July 1982 to September 2004.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a rating decision issued in August 2019 by a Department of Veterans Affairs (VA) Regional Office (RO). 

As an initial matter, the Board finds it necessary to address its jurisdiction over the current appeal and its characterization of the issue on appeal. To facilitate this discussion, the Board will lay out the procedural history of the current appeal. Service connection was granted for right wrist osteoarthritis in a December 2017 rating decision, and the RO assigned a 10 percent rating effective October 30, 2016. The Veteran did not file a notice of disagreement, instead filing a claim for an increased rating for his right wrist osteoarthritis in February 2018. 38 C.F.R. §§ 20.200, 20.201, 20.302 (2018). VA associated new VA treatment records with the file in March 2018 and obtained a new wrist examination in May 2018. 38 C.F.R. § 3.156(b) (2018). 

In a June 2018 rating decision, the RO continued the 10 percent rating assigned for the right wrist osteoarthritis. The Veteran again did not appeal, and instead filed another claim for an increased rating and a temporary total rating in September 2018. 38 C.F.R. §§ 20.200, 20.201, 20.302 (2018). In conjunction with the September 2018 claim, a new VA wrist examination was obtained and associated with the file in September 2018. 38 C.F.R. § 3.156(b) (2018). In an October 2018 rating decision, the RO denied entitlement to an increased rating for the right wrist osteoarthritis and entitlement to a temporary total rating based on hospitalization or convalescence. 38 C.F.R. §§ 4.29, 4.30 (2018).

In November 2018, the Veteran requested reconsideration of the October 2018 rating decision, and submitted medical records showing that he was currently off work following a right wrist surgery. A rating decision issued in January 2019 granted a temporary total rating pursuant to 38 C.F.R. § 4.30 for the period from October 17, 2018 to January 1, 2019 and assigned a 10 percent rating from January 1, 2019 forward. 

In January 2019 correspondence, the Veteran stated that he should have been assigned a 100 percent rating for a period of one year based on a total replacement of his right wrist joint, and that the failure to do so constituted a clear and unmistakable error. At the same time the Veteran filed another claim for an increased rating for his wrist but did not file a formal notice of disagreement with the decision. 38 C.F.R. §§ 20.200, 20.202, 20.302 (2018). New VA treatment records containing range of motion testing for the wrist were associated with the file in January 2019. 38 C.F.R. § 3.156(b) (2019). 

In March 2019, the RO issued another rating decision stating that revision of the ratings assigned for the right wrist was not warranted. That same month the Veteran filed a higher-level review request. 38 C.F.R. §§ 3.2400, 3.2500(a)(1)(i), 3.2601 (2019). The RO issued a higher-level review decision in August 2019, which again stated that revision of the ratings assigned for the right wrist disability was not warranted. In September 2019, the Veteran filed an appeal to the Board concerning right wrist osteoarthritis, requesting a temporary 100 percent based on a right wrist prosthetic placement. 38 C.F.R. §§ 3.2400(a)(1)(ii), 20.201, 20.202 (2019). The Veteran requested direct review of his appeal by the Board. 38 C.F.R. §§ 20.300, 20.301.

As to the question of jurisdiction, as outlined above following the assignment of the initial 10 percent rating for right wrist osteoarthritis in the December 2017 rating decision, the Veteran at no point initiated a legacy appeal of any of the rating decisions addressing the 10 percent rating. Instead, the Veteran’s claim for an increased rating for a right wrist disability remained pending as new and material evidence was repeatedly added to the file following the issuance of each of the rating decisions discussed above. 38 C.F.R. § 3.156(b); see Bond v. Shinseki, 659 F.3d 1362, 1367–68 (Fed. Cir. 2011). 

As the Veteran at no point initiated an appeal of the assigned 10 percent rating under the legacy system, the Veteran was not required to withdraw a legacy appeal and elect review under the modernized appeal system. 38 C.F.R. § 3.2400(a)(1), (b)–(c). Instead, the Veteran’s pending claim for an increased rating for right wrist osteoarthritis was continuously readjudicated in light of new and material evidence, until a rating decision readjudicating the claim was issued after February 19, 2019, which the Veteran then properly appealed to the Board pursuant to the modernized review system. 38 C.F.R. §§ 3.2400(a)(1), 19.2(a). As such, the Board properly has jurisdiction over the current appeal under the modernized review system. 38 C.F.R. §§ 3.2400(a), 20.200 (2019).

With respect to the characterization of the issue on appeal, as noted the March 2019 rating decision and the August 2019 higher-level review decision characterized the issue as an assertion of clear and unmistakable error (CUE) in the assigned right wrist rating, likely based on the Veteran’s use of the phrase in January 2019 and March 2019 statements. However, as discussed above the Veteran’s primary contention throughout the period on appeal is that he should be assigned a rating for his right wrist disability based on Diagnostic Code 5053, governing wrist replacements. Thus, the Veteran’s primary disagreement lies with the rating that has been assigned to his wrist disability and is not in fact an assertion of CUE in prior decisions.

Further, as laid out above there has been no prior final decision concerning the rating assigned for the Veteran’s right wrist disability, as none of the prior rating decisions have become final. Without a prior final determination, there can be no valid assertion of CUE. 38 C.F.R. §§ 3.105(a), 3.160. As based on the procedural history of the case it is not possible for the Veteran to validly assert CUE in this appeal, the issue instead must be characterized as a claim for an increased rating. 

Finally, while the Veteran has throughout his filings repeatedly stated that he wants a temporary total rating, the Veteran has also repeatedly referenced 38 C.F.R. § 4.71a, the Diagnostic Codes concerning joint replacements in these statements, and a one-year rating period. Thus, based on the Veteran’s statements and the cited regulations, it is clear that the Veteran is asserting that he is entitled to a higher rating for his right wrist disability based on a total joint replacement, and not asserting entitlement to further temporary total ratings under either 38 C.F.R. § 4.29 or 4.30. As such, the Board has characterized the issue on appeal as entitlement to an initial rating in excess of 10 percent for right wrist osteoarthritis.

1. Entitlement to an increased rating for a right wrist disability.

Prior to the March 2019 rating decision, the most recent VA examination was provided in September 2018. Following the September 2018 examination, treatment records reflect the Veteran underwent surgery on his right wrist in October 2018. As such, the evidence of record at the time of the March 2019 rating decision showed that the Veteran’s disability had potentially worsened since the September 2018 examination. 38 C.F.R. § 3.159; see also Palczewski v. Nicholson, 21 Vet. App. 174, 181 (2007); VAOPGCPREC 11-95 (1995). The failure to provide a new examination constituted a pre-decisional duty to assist error, and therefore a remand is necessary so that such error may be corrected. 

While a VA wrist examination was provided in April 2019, the Board may not consider that examination when evaluating whether a pre-decisional duty to assist error occurred as the examination was obtained and associated with the file after the March 2019 rating decision that was the subject of review of the August 2019 higher-level review decision on appeal.

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the current severity of his right wrist osteoarthritis, status-post proximal row carpectomy with hemi-capitate arthroplasty. The examiner is asked to provide the following:

(a) Report the extent of the symptoms of the right wrist osteoarthritis in accordance with VA rating criteria.

(b) Conduct range of motion testing, including testing for pain on active motion, passive motion, weight-bearing, and non-weightbearing. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary, an explanation must be provided. 

(c) Render specific findings as to whether there is objective evidence of pain on motion, weakness, excess fatigability, and/or incoordination associated. If pain on motion is observed, the examiner should indicate the point at which pain begins. 

(d) State whether the examination is taking place during a flare-up. If not, the examiner should ask the Veteran to describe the flare-ups he experiences, including: frequency, duration, characteristics, precipitating and alleviating factors, severity, and/or extent of functional impairment he experiences during a flare-up.

 

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Wendell, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.