# United States Court of Appeals for the Federal Circuit

---

**SOLENA Y. HAMPTON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1359

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-4075, Judge Scott Laurer.

---

Decided: June 5, 2023

---

SEAN A. RAVIN, Miami, FL, argued for claimant-appellant.

AMANDA TANTUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; EVAN SCOTT GRANT, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before TARANTO, CLEVENGER, and HUGHES, *Circuit Judges*.

HUGHES, Circuit Judge.

Solena Hampton appeals a decision from the Court of Appeals for Veterans Claims denying an earlier effective date for a total disability rating based on individual unemployability and for dependents' educational assistance. Because the Veterans Court properly interpreted the new and material evidence rule in 38 C.F.R. § 3.156(b), we affirm.

I

Ms. Hampton served in the U.S. Navy from June 1985 to November 1989. In April 1997, she filed a claim for veteran's disability compensation for migraines. The regional office (RO) initially granted her an evaluation of 10 percent for service-connected migraines. In September 1998, the RO increased Ms. Hampton's rating to 30 percent, effective from the 1997 claim date.

In February 1999, Ms. Hampton applied for a total disability rating based on individual unemployability (TDIU)[1] effective as of her initial 1997 claim due to "migraine[s], bladder, [and] reflux." J.A. 309. In March 1999,[2] the RO denied TDIU. Ms. Hampton never filed a notice of disagreement with this denial.

Shortly after her 1999 TDIU claim was denied, Ms. Hampton filed a new claim for increased compensation

---

[1]    Along with her TDIU claim, Ms. Hampton also sought dependents' educational assistance. For simplicity, and because an award of dependents' educational assistance is derived from an award of TDIU, we refer to the claims together as her 1999 TDIU claim.

[2]    In other parts of the record, this decision is referred to as the April 1999 decision, rather than the March 1999 decision. The two are the same.

based on her migraines. This claim was denied in June 1999, and Ms. Hampton filed a notice of disagreement for this claim. Ms. Hampton appealed her increased compensation claim to the Board. In November 2000, the Board agreed with the RO in relevant part and denied her request for an increased rating above 30 percent for migraines.

In September 2003, Ms. Hampton filed a new claim for increased compensation for her migraines. At the same time, she also filed a second application for TDIU. After various rounds of appeals, the Board ultimately granted Ms. Hampton TDIU for her migraines and the RO effectuated that decision, thereby granting TDIU effective from September 2003. The RO did not extend Ms. Hampton's effective date back to 1997, which was the date of her original claim for migraines and the date sought by her 1999 TDIU claim.

II

Arguing she was entitled to an earlier effective date of May 1997, Ms. Hampton appealed the RO's decision as to the effective date of her TDIU. She argued that her 1999 TDIU claim was still pending because she submitted additional evidence within the one-year appeal window of her claim being denied, but she never received a determination about whether this evidence was new and material to the 1999 TDIU claim. Ms. Hampton identified the following evidence as new and material: (1) her May 1999 statement, where she stated her migraines had worsened and for which the RO opened a new claim for increased compensation, and (2) a May 1999[3] Department of Veterans Affairs

---

[3]   Ms. Hampton refers to this as the "June 1999" VA examination report, presumably because there is a June 4, 1999 date on the top left of the report. We refer to it as the "May 1999" report because the date of the examination was

(VA) examination report, where she reported daily headaches lasting from 2–24 hours.[4] Ms. Hampton argued she was entitled to an explicit new and material evidence determination for this evidence under 38 C.F.R. § 3.156(b).

In February 2020, the Board denied entitlement to an earlier effective date. It reasoned that Ms. Hampton was not entitled to claim an earlier effective date based on the 1999 TDIU claim because that claim was not still pending when Ms. Hampton filed her new claims in September 2003. Rather, the Board found that its November 2000 decision denying Ms. Hampton's claim for increased compensation for migraines was an implicit denial of the 1999 TDIU claim.

Ms. Hampton appealed to the Veterans Court, arguing that the Board erred by (1) not discussing whether her May 1999 statement and May 1999 exam constituted new and material evidence under 38 C.F.R. § 3.156(b), and (2) finding that its November 2000 decision was an implicit denial of her 1999 TDIU claim. The Veterans Court rejected both arguments and affirmed the Board's decision. In

---

May 27, 1999 and because it is referred to as the May 1999 report at other places in the record. The two are the same.

[4] Ms. Hampton also identifies a December 1999 VA neurology clinic note, where she reported increased frequency of headaches and that she sometimes experienced a tingly sensation, and an April 2000 neurology clinic note. But, despite acknowledging the clinic notes in her summary of the facts, Ms. Hampton's appeal to the Veterans Court did *not* argue that either was new and material evidence received by the RO within the one-year appeal window. Thus, Ms. Hampton forfeited any such argument, and we do not consider these two clinic notes on appeal. *Gant v. United States*, 417 F.3d 1328, 1332 (Fed. Cir. 2005) ("Arguments not made in the court or tribunal whose order is under review are normally considered waived.").

particular, the Veterans Court held that (1) the Board's 2020 decision satisfied § 3.156(b) by including "statements after the April 1999 rating decision and before the November 2000 Board decision do not re[-]raise the issue of TDIU," *Hampton v. McDonough*, No. 20-4075, 2021 WL 4952747, at \*3 (Vet. App. Oct. 26, 2021), and (2) alternatively, the Board's 2000 decision satisfied the regulation because it was an implicit denial of Ms. Hampton's 1999 TDIU claim. Ms. Hampton appeals.

## III

Our jurisdiction to review Veterans Court's decisions is limited by 38 U.S.C. § 7292. *Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc) (superseded by statute on other grounds by Pub. L. No. 107–330, § 402(a), 116 Stat. 2820, 2832 (2002)). Under § 7292, we "may review the validity of the Veterans Court's decision on 'a rule of law or of any statute or regulation' or 'any interpretation thereof' that the Veterans Court relied on in making its decision." *Bond v. Shinseki*, 659 F.3d 1362, 1366 (Fed. Cir. 2011) (quoting 38 U.S.C. § 7292(a)). But we may not review: (1) "a challenge to a factual determination," or (2) "a challenge to a law or regulation as applied to the facts of a particular case," unless the challenge raises a constitutional issue. 38 U.S.C. § 7292(d)(2).

On appeal, Ms. Hampton argues the Veterans Court misinterpreted 38 C.F.R. § 3.156(b). Section 3.156(b) is a VA regulation that provides: "[n]ew and material evidence received prior to the expiration of the" period for appealing a decision "will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." 38 C.F.R. § 3.156(b). Ms. Hampton argues this regulation requires the RO to review any evidence submitted during the appeal period and explicitly state whether that evidence is new and material to any claim still within the appeal period. By holding that § 3.156(b) was satisfied in Ms. Hampton's case, even

though the RO did not make such an explicit determination for her 1999 TDIU claim, Ms. Hampton argues that the Veterans Court misinterpreted § 3.156(b). Thus, we have jurisdiction to address the proper interpretation of § 3.156(b) under 38 U.S.C. § 7292.

We are not persuaded by the government's arguments that Ms. Hampton's appeal only challenges the Veterans Court's factual findings and facts as applied to law, and therefore falls outside our jurisdiction. To the contrary, Ms. Hampton's challenge raises a § 3.156(b) interpretation issue that is similar to previous § 3.156(b) challenges over which we have exercised our jurisdiction. *See, e.g.*, *Bond*, 659 F.3d at 1367 ("Whether § 3.156(b) requires the VA to determine if a submission filed during the appeal period constitutes new and material evidence relating to a pending claim is a legal question divorced from the facts of this case."). Here, too, we have jurisdiction over Ms. Hampton's appeal. We review the Veterans Court's interpretation of this regulation de novo. 38 U.S.C. § 7292(c); *Breland v. McDonough*, 22 F.4th 1347, 1350 (Fed. Cir. 2022).

IV

Ms. Hampton's appeal raises the following question of interpretation: whether § 3.156(b) requires the VA to *explicitly* state whether submitted evidence is new and material to a claim, even where that claim is implicitly denied after consideration of the evidence. Following our recent opinion in *Pickett v. McDonough*, we hold that it does not. 64 F.4th 1342 (Fed. Cir. 2023).

In *Pickett*, the veteran filed an initial claim for benefits in April 2004. *Id.* at 1343. In 2010, he was granted service-connected compensation for post-traumatic stress disorder (PTSD) and coronary artery disease (CAD) effective April 2004. *Id.* Mr. Pickett appealed the 2010 decision, seeking a higher rating for CAD. *Id.* Within the appeal window, Mr. Pickett also filed an application for TDIU (VA Form 21-8940). *Id.* In denying Mr. Pickett's TDIU claim, the RO: (1)

listed the VA Form 21-8940 as evidence considered, (2) addressed TDIU entitlement due to CAD, and (3) denied TDIU on the merits. *Id.* at 1343–44. Mr. Pickett never appealed that decision. *Id.* at 1344. Later, when he filed another TDIU claim in 2017, Mr. Pickett argued that his 2004 claim was still pending because the RO did not explicitly state whether VA Form 21-8940 was new and material evidence to his claim seeking a higher CAD rating. *Id.* at 1344. We disagreed, holding that "an implicit finding" that a submission is new and material evidence satisfies § 3.156(b) "so long as there is some indication that the VA determined whether the submission is new and material evidence, and if so, considered such evidence in evaluating the pending claim." *Id.* at 1347.

The facts here are similar to those in *Pickett*. Ms. Hampton filed additional evidence within a year of her 1999 TDIU claim being denied: her May 1999 statement to the RO seeking a higher rating for migraines and a May 1999 VA examination report. The RO's June 1999 decision, and later the Board's 2000 decision, indicated that the RO considered the May 1999 evidence and did not find reason to increase Ms. Hampton's rating for migraines. But like the veteran in *Pickett*, Ms. Hampton argues this was not enough. She argues that the RO was required to make an *explicit* finding that her May 1999 statement and May 1999 VA examination report were new and material evidence to her 1999 TDIU claim.

This is not what § 3.156(b) requires. Following our precedent in *Pickett*, all that was required to satisfy § 3.156(b) was some indication that (1) the VA had determined that the May 1999 statement and May 1999 VA examination report were new and material, and (2) the VA considered that evidence as to her 1999 TDIU claim. *See id.* Both are satisfied here.

First, in denying Ms. Hampton's claim for increased compensation for migraines, the RO's decision and the

Board's 2000 decision each made "some indication that the VA determined whether the submission[s] [were] new and material evidence." *Id.* Similar to the RO decision in *Pickett*, the RO decision here (1) listed the May 1999 VA examination report as evidence considered, (2) addressed what was necessary to warrant an increased rating for migraines, and (3) denied an increase in rating for migraines on the merits. J.A. 301. Although the RO decision did not explicitly list Ms. Hampton's May 1999 statement as evidence considered, it implied that the RO considered this statement new and material evidence because it acknowledged receiving Ms. Hampton's May 1999 statement in support of her claim and necessarily issued the RO decision in response to that statement.

Similarly, the Board's 2000 decision addressed the May 1999 VA examination report and concluded that the medical evidence did not warrant an increased rating for migraines. Although the Board's 2000 decision did not explicitly cite to Ms. Hampton's May 1999 statement, it acknowledged that it had considered her opinions and views generally. J.A. 274 ("[Ms. Hampton's] views as to the etiology of her pain complaints and/or the extent of functional impairment are specifically outweighed by the medical evidence of record cited above."). Thus, by considering the May 1999 evidence and addressing the merits of that evidence, the RO's decision and the Board's 2000 decision both made the implicit finding that the May 1999 evidence was new and material.

Second, the decisions also indicate that the VA considered the May 1999 evidence as to Ms. Hampton's 1999 TDIU claim. They do so, not explicitly, but implicitly. When a veteran has more than one pending claim but only one of those claims is explicitly denied, a related pending claim may still be deemed implicitly denied. *Deshotel v. Nicholson*, 457 F.3d 1258, 1261 (Fed. Cir. 2006). Here, the Veterans Court found that "[t]he Board, by denying the increased evaluation for migraines, on a schedular and

extra[-]schedular basis, also implicitly denied any higher ratings." J.A. 28. We see no legal error with this conclusion. Because the RO's and the Board's decisions indicate that they considered the May 1999 evidence as new and material, and because those decisions implicitly denied TDIU, it follows that the VA considered the May 1999 evidence as to Ms. Hampton's TDIU claim—not just as to her increased rating claim for migraines. Nothing more was required to satisfy § 3.156(b).

We are not persuaded by Ms. Hampton's arguments to the contrary. Ms. Hampton primarily objects to the Veterans Court's conclusion that the Board's 2020 decision made an explicit new and material evidence determination that satisfied § 3.156(b). We agree with Ms. Hampton that the Board's 2020 decision did not satisfy § 3.156(b) by finding "statements after the April 1999 rating decision and before the November 2000 Board decision do not re[-]raise the issue of TDIU." J.A. 27. Determining that later submissions did not re-raise TDIU is different from determining that those submissions are not new and material evidence. But our disagreement with the Veterans Court's conclusion on that point does not change the outcome of this appeal. As discussed above, § 3.156(b) had been satisfied by the RO's 1999 and the Board's 2000 decisions, which implicitly found the evidence to be new and material, *see Pickett*, 64 F.4th at 1347, and considered that evidence before implicitly denying Ms. Hampton's TDIU claim, *see Deshotel*, 457 F.3d at 1261.

Ms. Hampton also argues that the Board cannot make a new and material evidence determination in the first instance—only the RO can. We need not decide that issue here.[5] As explained above, the RO *did* make a new and

5    Even so, our precedent appears to allow the Board to make a new and material evidence determination in the first instance to satisfy § 3.156(b). *See Bond*, 659 F.3d at

material evidence determination in its June 1999 decision. It just did so implicitly. The Board made that same decision in November 2000. Thus, the Board in its 2020 decision, by finding the 2000 decision an implicit denial of TDIU, was not making a new and material evidence determination in the first instance. The RO was the first to consider that evidence, and it did so in 1999.

We have considered Ms. Hampton's remaining arguments and find them unpersuasive. Because we agree with the Veterans Court that the VA's implicit denial of TDIU satisfied § 3.156(b), we affirm.

### AFFIRMED

Costs

No costs.

---

1368 (noting that the government conceded "nothing in the record indicates that the RO *or Board* made a determination as to whether the February 1998 submission contained new and material evidence" (emphasis added)); *Beraud*, 766 F.3d at 1406 (citing *Bond* for the proposition that "*the Board*" must include a written statement of its findings, and so we cannot presume that the Board made a new and material evidence determination absent some indication to that effect (emphasis added)).