NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THADDEUS BROWN,**
*Claimant-Appellant*

**v.**

**TODD HUNTER, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1847

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-3754, Judge William S. Greenberg.

---

Decided: January 24, 2025

---

KENNETH M. CARPENTER, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

BRITTNEY M. WELCH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; EVAN SCOTT GRANT, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

—————————————

Before REYNA, TARANTO, and STARK, *Circuit Judges*.

TARANTO, *Circuit Judge*.

In 1991, the U.S. Department of Veterans Affairs (VA) denied Thaddeus Brown's claim for service-connected post-traumatic stress disorder (PTSD). In 1992, within the appeal period for that denial, a VA physician diagnosed Mr. Brown with PTSD of "questionable" service connection. After several attempts to reopen his claim, Mr. Brown appealed a 2021 decision by the Board of Veterans' Appeals (Board) to the Court of Appeals for Veterans Claims (Veterans Court), arguing that the Board should have considered whether the 1992 examination constituted "new and material" evidence for his 1991 claim under 38 C.F.R. § 3.156(b). The Veterans Court dismissed Mr. Brown's appeal for lack of jurisdiction. We now affirm.

I

In January 1991, Mr. Brown, who had served on active duty from June 1974 to February 1975, filed a claim for disability benefits based on asserted service-connected PTSD. *Brown v. McDonough*, No. 21-3754, 2023 WL 371154, at \*2 (Vet. App. Jan. 24, 2023) (*Decision*). The relevant regional office of VA denied Mr. Brown's claim on July 9, 1991. *Id.* On March 20, 1992, within the one-year appeal period for the denial of the 1991 claim, a VA physician examined Mr. Brown and diagnosed him with PTSD of "questionable" service connection. *Id.*; *see* 38 C.F.R. § 20.203(b).

In 1996, Mr. Brown filed a request with VA to reopen his claim after a 1995 medical examination diagnosed him with PTSD. *Decision* at \*3. The Board reopened Mr. Brown's claim and found no service connection for PTSD on the merits in 1998. *Id.* The Board discussed the 1992 examination and noted that "[i]n the opinion of the Board,

that diagnosis is not a clear diagnosis of PTSD due to a verified inservice stressor and, even if it was, the weight of the evidence is against such a diagnosis with the contended causal relationship." J.A. 63. Mr. Brown did not appeal the Board's 1998 decision. *Decision* at *3.

In 2000, Mr. Brown again asked VA to reopen his claim, but VA denied that request in 2001 and Mr. Brown did not appeal. *Id.* at *3. Mr. Brown sought to reopen his PTSD claim once again in 2004, and VA denied that request in 2005. Mr. Brown appealed the denial to the Board, which remanded the matter for further factual development. In 2009, following the remand, the Board found that new and material evidence for Mr. Brown's PTSD claim had not been submitted "since the time of the May 2001 adjudication," denied Mr. Brown's request to reopen his PTSD claim, and remanded for consideration of whether Mr. Brown was entitled to service connection for a psychiatric disability other than PTSD. *Id.* at *4; J.A. 162, 165; *see* 38 C.F.R. § 3.156(b). Mr. Brown did not appeal the PTSD-claim-denial portion of the 2009 decision. *Decision* at *4; *see Tyrues v. Shinseki*, 732 F.3d 1351, 1357 (Fed. Cir. 2013) ("When the Board renders a clear definitive denial of benefits as part of a mixed decision, . . . the veteran not only can appeal immediately, but must bring any appeal from the denial portion within the 120-day period allowed by statute.").

In 2021, after further proceedings not important to deciding the issue before us, the Board found service connection for "an acquired psychiatric disorder other than PTSD," noting that "[s]ervice connection for PTSD was denied in a final May 2001 Rating Decision." J.A. 175, 177. The Board's 2021 decision did not discuss the 1992 examination. Mr. Brown appealed the Board's decision to the Veterans Court, arguing that the Board should have adjudicated his PTSD claim and determined whether the 1992 examination was "new and material" evidence under § 3.156(b). *Decision* at *1, *4. The Veterans Court

explained that the Board was not required to address § 3.156(b) because Mr. Brown had not appealed the 1998, 2001, or 2009 decisions, rendering it "irrelevant whether the June 1992 VA medical examination constituted new and material evidence received within 1 year of the July 1991 rating decision." *Id.* at *4. The Veterans Court then dismissed the appeal for lack of jurisdiction. *Id.*; *see* 38 U.S.C. § 7252. Mr. Brown appeals.

## II

Our authority to review decisions by the Veterans Court is generally confined to "relevant questions of law." 38 U.S.C. § 7292(d)(1); *see also id.* at § 7292(a). We "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless that challenge "presents a constitutional issue." *Id.* at § 7292(d)(2). This appeal presents no constitutional issue.

The government contends that we do not have jurisdiction to review Mr. Brown's challenge to the Veterans Court's decision. We disagree. We understand Mr. Brown to argue that the Veterans Court misinterpreted 38 C.F.R. § 3.156(b) in ruling that the Board was not obligated to address whether the 1992 examination was new and material evidence to Mr. Brown's 1991 claim—a question of regulatory interpretation within our jurisdiction. *See Bond v. Shinseki*, 659 F.3d 1362, 1367 (Fed. Cir. 2011) ("Whether § 3.156(b) requires . . . VA to determine if a submission filed during the appeal period constitutes new and material evidence relating to a pending claim is a legal question divorced from the facts of this case."); *Hampton v. McDonough*, 68 F.4th 1376, 1379 (Fed. Cir. 2023) (rejecting jurisdictional challenge where appellant "argue[d] that the Veterans Court misinterpreted § 3.156(b)"); *Gudinas v. McDonough*, 54 F.4th 716, 718–19 (Fed. Cir. 2022) (same).

Though Mr. Brown's appeal is within our jurisdiction, we do not agree with him that the Veterans Court

misinterpreted § 3.156(b). Under *Bond*, VA must "evaluate submissions received during the relevant period and determine whether they contain new evidence relevant to a pending claim." 659 F.3d at 1369; *see also Beraud v. McDonald*, 766 F.3d 1402, 1406–07 (Fed. Cir. 2014) (explaining that "the claim at issue remains open" without such determination). The Veterans Court did not reject that interpretation. Nor did it reject additional principles we have adopted. We have held that VA can make the § 3.156(b) determination implicitly "so long as there is some indication that . . . VA determined whether the submission is new and material evidence, and, if so, considered such evidence in evaluating the pending claim." *Pickett v. McDonough*, 64 F.4th 1341, 1342 (Fed. Cir. 2023). And "our precedent appears to allow the Board to make a new and material evidence determination in the first instance to satisfy § 3.156(b)." *Hampton*, 68 F.4th at 1381 n.5 (citing *Bond*, 659 F.3d at 1368).

We see no error of law in the Veterans Court's decision. Under the above principles, the Veterans Court held that the Board did not need to do more than it did. The Board explained that the 1992 examination was "not a clear diagnosis of PTSD due to a verified inservice stressor." J.A. 63. And the Board said in 2009 that "[n]ew and material evidence ha[d] not been received to reopen [Mr. Brown's] claim for service connection for PTSD." J.A. 139. In ruling that the Board did not need to say more in 2021, the Veterans Court was determining that the Board had already made the required judgment in its 1998 and/or 2009 decisions (which were not appealed and hence were final). The Veterans Court's determination, on appeal to us, is either a factual finding or an application of law to fact—neither of which we can review under our jurisdictional statute.

Because we see no error of law, and we cannot review the Veterans Court's underlying determinations about the 1998 and 2009 Board decisions, we affirm the decision of the Veterans Court.

The parties shall bear their own costs.

**AFFIRMED**