Citation Nr: 1522709 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 13-32 948 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.

3. Entitlement to service connection for cancer of the tonsil wall, throat, base of the tongue and salivary glands.


REPRESENTATION

Veteran represented by: Attorney William M. Rayborn, Jr.



WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Roya Bahrami, Associate Counsel


INTRODUCTION

The Veteran had active service from December 1973 to February 1978, with subsequent service in the Army National Guard.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from February 2009 and September 2010 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama.

In this regard, the Board notes that the Veteran's claims of entitlement to service connection for bilateral hearing loss and cancer of the tonsil wall, throat, base of tongue and salivary gland were denied in a February 2009 rating decision. However, within one year of that decision, the Veteran submitted evidence that was new and material to those claims, namely a May 2009 medical opinion and treatise evidence noting a possible relationship between the Veteran's cancer and asbestos exposure, and studies demonstrating decibel levels consistent with hazardous noise exposure as a result of machinery she operated during military service. See the Veteran's February 2009 and June 2009 submissions. Accordingly, this evidence is considered as having been filed with her original May 2008 claim, and these issues have been recharacterized on the title page accordingly. 38 C.F.R. § 3.156(b) (new and material evidence received prior to the expiration of the appeal period . . . will be considered as having been received in connection with the claim which was pending at the beginning of the appeal period); Bond v. Shinseki, 659 F.3d 1362, 1367 (Fed. Cir. 2011)(noting that 3.156(b) requires VA to determine whether subsequently submitted evidence constituted new and material evidence relating to an earlier claim).

The Veteran testified at a hearing before the undersigned Veterans Law Judge (VLJ) in August 2014, and a copy of the hearing transcript is of record.

During the Board hearing, the Veteran submitted additional evidence, accompanied by a waiver of local consideration. See C.F.R. § 20.1304(c) (2014). In any event, given the favorable outcome, no waiver is necessary.


FINDINGS OF FACT

1. Bilateral hearing loss is related to in-service noise exposure. 

2. Tinnitus is related to in-service noise exposure.

3. Cancer of the tonsil wall, throat, base of the tongue and salivary glands is related to in-service toxin exposure. 


CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss are met. 
38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2014).

2. The criteria for service connection for tinnitus are met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2014).

3. The criteria for service connection for cancer of the tonsil wall, throat, base of the tongue and salivary glands are met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Generally, service connection may be established for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. 
§ 1110; 38 C.F.R. § 3.303. 

To establish service connection on a direct incurrence basis, the Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). In service connection claims consideration must be given to all pertinent medical and lay evidence. 38 U.S.C.A. § 1154(a) (West 2014); 38 C.F.R. § 3.303(a).

Bilateral hearing loss and tinnitus

The Veteran asserts that she has current hearing loss and tinnitus disabilities due to her in-service noise exposure. For the reasons that follow, the Board concludes that service connection for bilateral hearing loss and tinnitus is warranted.

The Veteran's June 2010 VA examination demonstrates hearing loss pursuant to 38 C.F.R. § 3.385 and constant, bilateral tinnitus. As the evidence demonstrates a current bilateral hearing loss disability and tinnitus, the Board must now determine whether there is evidence of an in-service incurrence or aggravation of a disease or injury.

The Veteran contends that she was exposed to excessive loud noise without the benefit of hearing protection during her 4 years as a keypunch operator. The service treatment records (STRs) are silent for complaints, diagnosis or treatment of any ear trouble to include hearing loss or tinnitus.

Notwithstanding the lack of in-service clinical findings of hearing loss or tinnitus, the Veteran's DD Form 214 indicates that her military occupational specialty (MOS) was a card and tape writer. According to the U.S. Army Center for Health Promotion and Preventive Medicine, an operation is considered hazardous when it has a stead-state sound level of 85 decibels or above. The Veteran asserts that the machines she worked on daily (without hearing protection) including a Univac 1005 Card Processor, an IBM 26 keypunch, and an IBM 56 Verifier, have sound levels of 85 to 93 decibels. Moreover, she was exposed to multiple machines at the same time, as she worked in the same room with 7 or 8 people. The Board finds the Veteran's report of excessive noise exposure during active duty consistent with the circumstances of her service and MOS. See 38 U.S.C.A. § 1154(a). Accordingly, in-service noise exposure is conceded.

With respect to post-service noise exposure, the Board observes that the Veteran was a student, teacher, and homemaker following service separation, and denies any occupational noise exposure. See February 2010 statement; see also August 2014 Board Hearing Transcript.

Regarding etiology, there are conflicting opinions of record. Against a finding of nexus are October 2008 and June 2010 examination reports and a September 2010 addendum opinion. Both the October 2008 and June 2010 examiners opined that the Veteran's current hearing loss is less likely as not due to service, reasoning that the Veteran's hearing was normal upon separation from active duty. The June 2010 examiner further reasoned that there is no scientific support for delayed onset noise-induced hearing loss. In addition, the June 2010 examiner opined that, based on the Veteran's reported approximate date of onset of tinnitus (17 to 18 years prior) and normal hearing at time of discharge, the Veteran's tinnitus is less likely as not related to her military noise exposure. The June 2010 examiner provided the same opinions and rationale in her September 2010 addendum.

In favor of a finding of nexus are private medical statements dated January 2008 and July 2010. The January 2008 statement notes that the Veteran has been a patient for a number of years and has had a gradual loss of hearing, primarily affecting the high frequencies. The examiner further opined that this pattern is most consistent with a hearing loss from noise exposure. The July 2010 statement from another treatment provider notes that the Veteran's repeated exposure to the equipment the Veteran operated while in service could "certainly have affected and/or damaged [the Veteran's] auditory system. In fact, research shows that repeated exposure to high levels of noise can have MORE of an affect than a single noise-related event." 

The Board has weighed the medical evidence and finds that the evidence is at least in equipoise as to whether the Veteran's current hearing loss and tinnitus are related to in-service noise exposure. Further, with regard to tinnitus, the Board finds the June 2010 audiological examination report to be based on the assumption that the Veteran did not experience tinnitus until 17 or 18 years prior to the examination; however, the Veteran has clarified that she has experienced tinnitus ever since service. See June 2010 statement. The Board notes that that ringing in the ears is a symptom that is capable of lay observation. See Charles v. Principi, 16 Vet. App 370, 374 (2002). Resolving any reasonable doubt in favor of the Veteran, the Board therefore finds that there is credible medical evidence of a nexus between his currently diagnosed bilateral hearing loss and service, and credible lay evidence that her tinnitus had its onset in service.

In light of the foregoing, the Board concludes that the evidence is at least evenly balanced as to whether the Veteran's bilateral hearing loss and tinnitus are related to active service, and, therefore, service connection is warranted. The benefit-of-the-doubt rule has been applied in reaching this decision. See 38 U.S.C. § 5107(b) (West 2014).

IV. Cancer of the tonsil wall, throat, base of the tongue and salivary glands

The Veteran contends that her various cancer diagnoses and lung inflammations developed due to hazardous chemical exposure in service. She specifically asserts that, while she was stationed at Fort McClellan, she was exposed to ground water contamination, lead-based paint, PCB's used in electrical transformers, asbestos, fog oil, radiation, sarin, VX gases, and other contaminants. In support of her contentions, she has submitted articles regarding the presence of the aforementioned chemicals at Fort McClellan, as well as the links between exposure to toxins and the development of cancer.

The medical evidence of record indicates that the Veteran was initially diagnosed with a mucoepidermoid carcinoma of the salivary gland in December 2002. In January 2003, she was diagnosed with squamous cell carcinoma of the base of tongue and tonsillar wall. After surgical incision, she underwent radiotherapy and chemotherapy. In June 2009, she was found to have a retroperitoneal mass. She underwent removal of the mass and was found to have a leiomyosarcoma. She was again treated with radiation. In January 2013, abnormal findings in the lung fields were noted. Serial PET scans showed advancement in the size and number of the lesions in the lungs. In June 2014, a scan showed three nodules in the right lung and a pleural-based lesion in the upper portion of the left lung.

The Veteran has submitted two statements from her private treatment provider, dated May 2009 and August 2014. In May 2009, the physician opined that exposure to asbestos can be related to or cause squamous cell carcinoma. In August 2014, the physician recited the Veteran's treatment history and noted that the present course of action is continued observation. The physician stated that the Veteran does not have a significant family history of malignancy nor has she been an excessive smoker or drinker in the past. Further, due to her time at Fort McClellan and consequent exposure to the aforementioned toxins, the malignancies that she has had are more likely than not related to her previous toxin exposures.

Although the Board is not required to accept medical authority supporting a claim, VA must provide reasons for rejecting that evidence and, more importantly, must provide a medical basis other than its own unsubstantiated conclusions in support of a determination. Jones v. Principi, 16 Vet. App. 219, 225 (2002), citing Smith v. Brown, 8 Vet. App. 546, 553 (1996) (en banc); Colvin v. Derwinski, 1 Vet. App. 171 (1991). Here, because the only medical opinion evidence supports the Veteran's claim, service connection for cancer of the tonsil wall, throat, base of the tongue and salivary glands is warranted. See Mariano v. Principi, 17 Vet. App. 305, 312 (2003) (VA may not seek an additional medical opinion where favorable evidence in the record is unrefuted, and it is not permissible to undertake further development if the purpose is to obtain evidence against an appellant's claim). 
Resolving reasonable doubt in the Veteran's favor, service connection for service connection for cancer of the tonsil wall, throat, base of the tongue and salivary glands is warranted. 


ORDER

Service connection for bilateral hearing loss is granted.

Service connection for tinnitus is granted.

Service connection for cancer of the tonsil wall, throat, base of tongue and salivary gland is granted.



____________________________________________
SONNET BUSH
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs