﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 200401-75345
DATE: May 29, 2020

ORDER

New and relevant evidence has been received with respect to the previously denied claim to establish service connection for bilateral hearing loss, and thus, readjudication of the claim is warranted.

New and relevant evidence has been received with respect to the previously denied claim to establish service connection for tinnitus, and thus, readjudication of the claim is warranted.

Entitlement to service connection for bilateral hearing loss is granted.

Entitlement to service connection for tinnitus is granted.

FINDINGS OF FACT

1. New evidence was received after the final May 2009 rating decision that is relevant to the issue of entitlement to service connection for a bilateral hearing loss disability.

2. New evidence was received after the final May 2009 rating decision that is relevant to the issue of entitlement to service connection for tinnitus disability.

3. Resolving all doubt in the Veteran’s favor, the Veteran’s current bilateral hearing loss has been related to his active military service.

4. Resolving all doubt in the Veteran’s favor, the Veteran’s tinnitus was incurred during the Veteran’s active military service and has continued to the present. 

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim to establish service connection for bilateral hearing loss disability have been met. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501).

2. The criteria for readjudicating the claim to establish service connection for tinnitus disability have been met. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501).

3. The criteria for entitlement to service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 1110, 1131, 5103, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303.

4. The criteria for entitlement to service connection for tinnitus have been met. 38 U.S.C. §§ 1101, 1110, 1131, 5103, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from February 1964 to February 1968. 

In January 2020, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The rating decision on appeal was issued on March 16, 2020. 

New and Relevant Evidence

Whether new and relevant evidence has been submitted to warrant readjudication of a claim of entitlement to service connection for bilateral hearing loss and tinnitus disabilities

VA will readjudicate a claim if new and relevant evidenced is presented or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501(a)(1)).

The Agency of Jurisdiction (AOJ) denied the Veteran’s initial claim to establish service connection for bilateral hearing loss and tinnitus disabilities in a May 2009 rating decision on the grounds that there was no nexus between the Veteran’s diagnosed disabilities and his active military service. The Veteran did not appeal, and no new and material evidence was received within a year of the rating decision; hence, the decision became final. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 3.104, 3.156(b), 20.302, 20.1103 (2019); Bond v. Shinseki, 659 F.3d 1362 (Fed. Cir. 2011). 

In light of this fact, the claim under AMA may now be readjudicated on the merits only if new and relevant evidence has been received since the time of the prior adjudication. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501).

Prior to the May 2009 rating decision denying the Veteran’s claim, the evidence of record was the Veteran’s service treatment records (STRs) and an October 2008 Veterans Administration Medical Center (VAMC) audiological record which reflect diagnoses of bilateral hearing loss and tinnitus. 

Since then, the Veteran has submitted several VAMC treatment records (2010 to 2020) that includes an April 2013 audiological reevaluation report, specific assertions regarding the Veteran’s military noise exposure reflected in his January 2020 VA 21-4138 Statement in Support of Claim, and a commendation medal confirming one aspect of such exposure. The record also contains a March 2020 Disability Benefits Questionnaire for Hearing Loss and Tinnitus that was afforded the Veteran by the AOJ. 

The Board finds these records and findings contained in these records are new, as there was no such evidence of record with regards to these claims at the time of the final May 2009 rating decision. 

The Board also concludes that the referenced newly submitted records are relevant, as they imply that the Veteran’s bilateral hearing loss and tinnitus disabilities may be related to his active duty service, given his submitted evidence of in-service noise exposure. 

“Relevant evidence" is evidence that tends to prove or disprove a matter at issue. 38 C.F.R. § 3.2501 (a)(1). It does not require that the evidence relate to an established fact necessary to substantiate the claim or raise a reasonable possibility of substantiating the claim. 

Therefore, the Board finds that readjudication of the Veteran’s claims of entitlement to service connection for bilateral hearing loss and tinnitus is warranted. 

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303. If a condition noted during service is not shown to be chronic, then, generally a showing of continuity of symptomatology after service is required for service connection. 38 C.F.R. § 3.303 (b), Walker v. Shinseki 708 F.3d 1331. (Fed. Cir. 2013). Service connection may also be granted for any disease diagnosed after discharge from service when all of the evidence, including lay evidence, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).

To establish service connection for a claimed disability, the following three elements must be satisfied: (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship (nexus) between the present disability and the disease or injury incurred or aggravated during service. Hickson v. West, 12 Vet. App. 246 (1999).

Additionally, other organic diseases of the nervous system, which may include sensorineural hearing and tinnitus, are classified as “chronic diseases” under 38 C.F.R. § 3.309 (a); therefore, 38 C.F.R. § 3.303 (b) also applies. 38 C.F.R. § 3.307; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); Fountain v. McDonald, 27 Vet. App. 258 (2015) (including tinnitus as an organic disease of the nervous system). Presumptive service connection for “chronic diseases” must be considered on three bases: chronicity during service, continuity of symptomatology since service, and manifestations within one year of the veteran’s separation from service. Walker, 708 F.3d at 1338.

1. Entitlement to service connection for bilateral hearing

2. Entitlement to service connection for tinnitus

The Veteran contends that he developed bilateral hearing loss and tinnitus due to acoustic trauma while in active duty service and that his disabilities continue to date. See, November 2008 VA 21-4138 Statement in Support of Claim. See, 

The Veteran was first diagnosed with bilateral hearing loss and tinnitus disabilities during an audiological consultation in October 2008. His April 2013 audiological reevaluation report also confirmed these diagnoses - hearing loss reported as severe and increase in volume of tinnitus. Further, the Veteran was afforded a VA examination in March 2020 for his service connection claims for bilateral hearing loss and tinnitus. During that examination, the VA examiner diagnosed the Veteran with bilateral sensorineural hearing loss, and in addition, tinnitus, which constitute disabilities for VA purposes. See, March 2020 VA examination; 38 C.F.R. § 3.385. Hence, the Veteran has current disabilities of bilateral hearing loss and tinnitus.

With regards to in-service occurrence, the Veteran specifically asserts that he was consistently exposed to loud noise while loading aircraft carriers when the engines were running, and that during this time, he was not afforded hearing protection. Further, that he was exposed to gunfire, mortar and heavy machinery during his assignment in the Republic of Vietnam. See, January 2020 VA 21-4138 Statement in Support of Claim. The Board notes that the Veteran’s military personnel records reflect that he was stationed in the Republic of Vietnam as an Air Freight Specialist from December 1965 to May 1966, a fact acknowledged by the RO when granting the Veteran’s service connection claim for posttraumatic stress disorder (PTSD). See, December 2004 Rating Decision. See, Air Force Commendation Medal. 

However, the March 2020 VA examiner opined that the Veteran’s disabilities were less likely than not (less than 50/50 probability) incurred in service, because there were no complaints or record of treatments for hearing loss and tinnitus during the Veteran’s military service, and that the MOS (military occupational specialty) of the Veteran as Material Facility Specialist had a low probability of hazardous noise exposure. The examiner also added that “no evidence was found to suggest otherwise”. See, March 2020 VA Examination. 

In evaluating the evidence in an appeal, it is the responsibility of the Board to weigh the evidence and decide where to give credit and where to withhold same, and, in doing so, accept certain medical opinions over others. Schoolman v. West, 12 Vet. App. 307 (1999). In this regard, the Board has been charged with the duty to assess the credibility and weight given to the evidence. Jandreau v. Nicholson, 492 F.3d 1372 (2007). Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of the matter, VA shall give the benefit of the doubt to the Veteran. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

The Board notes that the VA examiner formulated his opinion on the basis of the absence of documented treatment in service. A medical opinion based solely on the absence of documentation in the record is inadequate, if it does not take into account the Veteran’s reports of symptoms and history. Dalton v. Peake, 21 Vet. App. 23 (2007). Given the fact that the Veteran has relayed significant noise exposure while in the military, including while stationed in the Republic of Vietnam as an Air Freight Specialist, and such assignment in confirmed by the records, the Board finds the VA examiner’s rationale for a negative nexus quite inadequate. In short, contrary to the VA examiner’s conclusion, there is evidence was to suggest otherwise – that is, that the Veteran may have been exposed to hazardous noise, in spite of his MOS. Consequently, the Board has assigned this examiner’s opinion low probative value. 

Lay statements may serve to support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability or symptoms of disability subject to lay observation. 38 U.S.C. § 1153 (a); 38 C.F.R. § 3.303 (a); Jandreau v. Nicholson, 492 F.3d 1372 (Fed Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006).

The Veteran’s has also consistently asserted that he started experiencing tinnitus symptoms (ringing of his ears) while in the military, and specifically reported during his October 2008 audiological examination that he has “a longstanding history of roaring bilateral tinnitus” which has increased in intensity. Further, that since service, his tinnitus has been continuous, occurring one to two times per month, for at least two to three minutes at a time. See, October 2008 audiological evaluation report. The Veteran has also denied any significant post-service noise exposure. 

The Veteran is considered competent to testify as to observable symptoms such as ringing in his ears, based on his own lay assertions. Layno v. Brown, 6 Vet. App. 465, 469-70 (1994). In weighing these facts, the Board finds that the most credible evidence of record establishes the in-service incurrence of an injury; in this case, the acoustic trauma. As such, the element of in-service occurrence is also met. 

As the Board finds the Veteran competent and credible with respect to his observable symptoms of what in-service occurrences precipitated his hearing loss and his tinnitus, the Board has assigned his statements high probative value. The Board further notes that given the nature of these disorders, the Veteran’s credible statements of continuity of symptomatology may serve as a substitute for the evidence of an expert regarding the etiology of these disorders. 

Therefore, the Board finds that the evidence is at least in equipoise regarding whether the Veteran’s current bilateral hearing loss and tinnitus were incurred in service. Accordingly, and affording the Veteran the benefit of the doubt, the Board finds that service connection for his bilateral hearing loss and tinnitus is warranted. 38 U.S.C. §§ 1101, 1131, 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J.B. King, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.